Wood, Judge.
This suit is brought under the “ act providing for the collection of claims against steamboats, and other watercrafts, and authorizing proceedings against the same by name.”
The first section of this statute enacts, “ that steamboats and other watercrafts navigating the waters within, or bordering upon this state, shall be liable for debts contracted on account thereof, by the master, owner, steward, consignee or other agent, for materials, supplies or labor in the building, repairing, furnishing or equipping the same, or due for wharfage ; and, also, for damages arising out of any contract for the transportation of goods or persons, or for injuries done to person or property by such craft, pr for any damage or injury done by the captain, mate or other officer thereof, or by any person under the order or sanction of either of them, to any person who may be a passenger or hand on such steamboat or other watercraft, at the time of the infliction of such damage or injury.”
*343 Sec. 2 provides, that “ any person having such demand may proceed against the owner or owners, or master of such craft, or against the craft itself.”
The question which arises on this record is, whether seamen’s wages are embraced, if notin words, within the reason and spirit of the act. The context, it will be seen, is broad in its terms, referring to claims in general, and defining no particular species. It has been said by this court, in the case of the Canal Boat Huron v. Simmons, 11 Ohio, 458, that it was the intention of the Legislature to substitute the watercraft, in all cases of claim, at the option of the plaintiff, where the owner or master, as such, would be liable; and that the difficulty, in many cases, of hunting up the natural, induced the adoption of the provision by which an artificial person is created, and a more easy and speedy remedy afforded. 11 Ohio, 410. That suit was prosecuted to 343] recover for ^provisions furnished for the use of the passengers and crew of the boat, and this for seamen’s wages. That case settled the question that the claim set up was legitimately within the meaning of the act; and it is equally clear to us that seamen’s wages are within it. Why should a distinction be drawn between a claim for provisions furnished? or a demand for labor in the navigation of the craft? or a debt for driving a spike or fitting a plank? We see no preference which can, with reason, be given in the one case, and not extended to the other. But it is said a construction has been given by the Supreme Court of New York, to a statute of that state, that the “supplies ” furnished must be such as enter into, and form a constituent part of the vessel, or her equipments, in order to subject her in this summary mode. 5 Wend. 510.
A careful comparison of the provisions of that statute with our own, will show the propriety of such construction there, and its impropriety here. The two statutes are by no means similar in their terms. The ■statute of Ohio is far more extensive, and shows the intention to embrace a demand for every injury : money due for wharfage, damages arising out of the breach of any contract for the transportation of goods or persons, injuries done to persons or property'by collision, or from any act of the captain, mate or other officer, etc. A bold man may assert it, but a superficial discriminator would detect the error, should it be insisted, that the statute of Ohio gives a remedy against the boat or craft, only when the demand is for something which enters Into, and forms a constituent part of the vessel.
It may be said, the construction given by this court to the act tends *344 to discourage the transfer of boats or watercraft, by sale or charter, because the purchaser may be incumbered by some lurking lien, of which he had no notice. The same argument may be applied to the transfer of every species of personal chattels. The purchaser, except in particular eases, takes only the title of his vendor.
It is difficult for a majority of the court to perceive how a watercraft carries notice, on its face, of a lien for supplies or *mate- [344 rials, though they enter into and form a part of the craft. All demauds against the boat may have been discharged, or they may exist, and the purchaser must inquire, or take the craft at his peril.
It-is very clear, however, that in a majority of the cases in which the act, in express terms, gives redress, by proceeding directly against the craft, the claim is not for any thing which forms a part of the boat.
We think the court of Common Pleas erred in ruling out the evidence offered, and giving judgment for the defendant; and the same is, therefore, reversed, with costs.
Judgment reversed.