DETERMINED IN THE

# SECOND DEPARTMENT

AT

# GENERAL TERM,

## December, 1895.

---

MATILDA G. JOHNSON, Respondent, *v.* WILLIAM H. COCHRANE and Others, Appellants, Impleaded with ELIZABETH STOCKING and Others. No. 1.

91h 163|
51ad546|

*Receiver — cannot be appointed in an action to determine the validity of a will —
effect of the judgment in such an action.*

Where an action is brought in the Supreme Court under section 2653a of the Code of Civil Procedure to determine the validity of a will, the issue is confined to the question whether the writing produced is or is not the last will of the testator and the subject of the action is the validity of the will.

The court has no power in such an action to appoint, by virtue of section 713 of the Code of Civil Procedure, a receiver, after final judgment, to preserve the real property of the decedent during the pendency of an appeal.

A court of equity possesses the power, independent of statute, to appoint a receiver to preserve property *pendente lite*, but such power can be exercised only in cases where the property is the direct subject of the action and where the judgment to be granted will act upon the specific property.

While the judgment in such an action is conclusive as to the title of real and personal property of the testator, it does not deal with or relate to the possession of any specific property of which the decedent died seized, and the plaintiff cannot, under any process that can be issued to enforce the judgment, obtain possession of the real estate in question.

The effect of a judgment adjudging a will to be void is to leave the parties in the situation which they would have occupied had the testator died intestate.

APPEAL by the defendants, William H. Cochrane and others, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 26th day of August, 1895, appointing a "receiver of the rents,

issues and profits of the premises No. 973 Bergen street, in the city of Brooklyn, pending the appeal of this action and until the same is fully heard and determined upon said appeal."

*Hugo Hirsh*, for the appellants.

*M. L. Towns*, for the respondent.

BROWN, P. J.:

This action was brought under chapter 591 of the Laws of 1892, known as section 2653a of the Code of Civil Procedure. Judgment was entered in favor of the plaintiff in the clerk's office of Kings county on May 21, 1894.

The purpose of the action was to determine the validity of the last will and testament of Joseph H. Hamilton.

The statute provides that " the issue of the pleadings in such action shall be confined to the question of whether the writing produced is or is not the last will   *   *   *   of the testator."

The judgment entered followed the language of the statute and decided that the writing produced as the last will and testament of Joseph H. Hamilton, deceased, and admitted to probate by the surrogate was not the last will and testament of said Joseph H. Hamilton, and adjudged said probate and all proceedings had thereon to be invalid, null and void.

The order appealed from cannot be sustained. Section 713 of the Code of Civil Procedure authorizes the appointment of a receiver after final judgment to preserve the property which is the subject of the action during the pendency of an appeal. But the property of which the receiver was appointed, and which is described in the order as No. 975 Bergen street, was not the subject of the action. The subject of the action was the validity of the will of Joseph H. Hamilton, and, while the judgment is conclusive as to the title of the real and personal property of the testator, it does not deal with or relate to the possession of any specific property of which the decedent died seized, and the plaintiff could not, under any process that could be issued to enforce the judgment, obtain possession of the real estate in question. The effect of the judgment upon the rights of the parties is to leave them in the same situation they would have occupied if the decedent had died intestate.

The title to the property passes to the heirs at law, and possession must be recovered in the proper form of action for the recovery of the possession of real estate. Neither can the land be sold under the judgment in this action and the proceeds distributed. The statute does not authorize such a judgment and none has been given.

A court of equity undoubtedly possesses the power, independent of statute, to appoint a receiver to preserve property *pendente lite.* But such power can be exercised only in cases where the property is the direct subject of the action, and where the judgment to be granted will act upon the specific property. Probably all cases that could arise where an appointment of a receiver by a court of equity would be proper are now included in the provisions of the Code. This is not a proper case for such an appointment, and the order must be reversed, with ten dollars costs and disbursements.

PRATT and DYKMAN, JJ., concurred.

Order appointing a receiver reversed, with ten dollars costs and disbursements.