Voorhees, J.
(At Chambers.)
This action is pending in the circuit court of Richland county; on petition in error to reverse the judgment of common pleas in favor of the defendants in error, on an issue , made up under section 5861, Revised Statutes, contesting *231 the last will and testament of William M. Mattison, deceased.
The plaintiff in error, Eva Sanker, is the administratrix with the will annexed of said William M. Mattison, and one of the heirs of said deceased, and a devisee under said will. Since filing the petition in error in the circuit court, and for the first time, an application is made to one of the judges of said court, at chambers, by the defendants in error, for the appointment of a receiver to take charge of' and sell the real estate of which said William M. Mattison died seized and which is disposed of by said will.
The said Eva Sanker, as such administratrix and devisee under said will, with others, plaintiffs in error, oppose the appointment of a receiver and contest said application, which presents some important legal questions.
The action being one for the contest of a will, it may be assumed, and it appears from the record, that the will was duly admitted to probate in the probate court of Richland county; that an administrator with the will annexed was duly appointed and qualified by that court, and afterwards proceedings were commenced to contest the validity of the will by the defendants in error. It is further shown by the record that the cause was tried in the common pleas court to a jury, resulting in a verdict and judgment in favor of the contestants, the defendants in error, and the plaintiffs in error prosecute error to the circuit court. Since the cause came into the circuit court this application is made for the appointment of receiver. No misconduct, fraud or maladministration of any kind is charged against the administratrix.
The application is made under section 5587, Revised Statutes. If the power to appoint a receiver exists under said section in such a case, it is by virtue of the sixth subdivision, which provides that: “In all other cases where receivers have heretofore been appointed by the usages of equity.”
The first question then is: Is this a case in which, by the usages of equity, the circuit court or a judge thereof can appoint a receiver pendente lite?
The appointment of a receiver in any case is, as a general *232 rule, discretionary. The discretion is not arbitrary or absolute; it is a sound and judicious discretion, taking into account all the circumstances of the case exercised for the purpose of promoting the ends of justice and of protecting the rights of all the parties interested in the controversy and subject matter, and based upon the fact that there is on other adequate remedy or means of accomplishing the desired objects of the judicial proceeding, 3 Pomeroy’s Equity Jurisprudence, section 1331.
The author divides the cases in which receivers should be appointed into four classes: “The first class contains those cases where there is no person entitled to the property who is at the lime competent to hold and manage it during the judicial proceedings.’' 3 Pomeroy’s Eq. Jur., section 1332. This class embraces the estates of infants, lunatics and deceased persons, when it becomes necessary to have them preserved pending litigation. “The second class of cases is based upon the fact that all of the parties are equally entitled to the possession of the property which is the subject matter of the controversy, but it is not just and proper from the nature of the dispute, and their relations with each other, that either one of them should be allowed to retain possession and control during the litigation.’’ Id., section 1333. Controversies between tenants in common, and similar contentions fall within this class. “The third class embraces those cases in which the person holding title to the property is in a position of trust, or of quasi trust, and is violating his fiduciary duties by misusing, misapplying or wasting the property, and is thereby endangering the rights of other persons beneficially interested.’’ Id., section 1334. This class takes in the whole field of trusts and fiduciary holdings of property, and may be invoked by persons interested, if their rights exist in presentí, and sometimes when their interests are only in futuro. “Fourth Class. This class contains those cases in which a receiver is appointed after judgment for the purpose of carrying the decree into effect.”^ Id., section 1335. It would also take in the matter and duty of appointing a receiver, if it becomes necessary to have such property and effects reduced to possession, or otherwise, cared for and preserved pending the litigation where there is a contest between the parties *233 interested in tbe estate, growing out of the validity of the will, and a receiver has been appointed or applied for prior to the appointment of an administrator, and the contest is likely to be protracted; but in such a case, if a receiver is 'actually appointed prior to the appointment of an administrator pendente lite, it is proper to order -the receiver to turn over to the administrator the personal and real estate belonging to the estate. This is based upon the fact or reason, that the probate court appointing the administrator is the proper court for the settlement and distribution of the estate according to the will or under the law; and the jurisdiction of the chancery court in such case would be only temporary, for the purpose of preserving the property until such time as the probate court appointed a person with full power to protect and preserve the property.
A court of chancery cannot appoint a receiver after the granting of letters pendente lite by the probate court, and if such receiver has been appointed prior thereto, his powers cease after the grant, and he will be discharged and directed to deliver over the property to such administrator. In re Colvin, 3 Md., Ch., 278.
Section 6019a, Revised Statutes, prescribes the duties and fixes the powers of an executor. Where the will is contested, it provides that: “Whenever a will is contested the executor, or the administrator or administratrix de bonis non, with the will annexed, or the testamentary trustee,, shall have power during the contest of said will, to control all the real estate not specifically devised, included in said will, and all the personal estate of said testator not before said contest duly administered; to collect the debts, and convert all assets into money, except such as may be specifically bequeathed; pay all taxes on said real and personal property, and all debts according to law; and, whenever necessary to preserve said real property from waste, to repair buildings and other improvements, and insure the same upon an order therefor first obtained from the probate court having jurisdiction of such executor, or administrator or testamentary trustee, and for such repairs, taxes and insurance, to advance or borrow money on the credit of such estate, which shall be a charge thereon; and shall also have-power to receive and receipt for any distributive share of *234 any estate or trust to which such testator would have been entitled, if living. The probate court may require such additional bonds as from time to time may be proper.”
While there are frequent instances where the English courts of chancery have allowed receivers pending litigation as to the probate of a will, when the relief was necessary for the preservation of the estate, the fact that after a will has been admitted to probate, litigation is instituted to recall or revoke the probate, does not of itself constitute sufficient ground to justify a court of equity in interfering by a receiver with the possession of the parties entitled thereto under the probate. Newton v. Rickets, 10 Beav, 525; High on Receivers, section 701; Johnson v. Cochrane, 91 Hun, 163; s. c., 36 N. Y. Supp. 287; and the valuable monographic note to Kinsman v. Spokane, 72 Am. St. Rep., 24, 29, 63, especially pages 63, 64, 65 and 66, and authorities there cited.
The supreme court of Alabama in Randle v. Carter, 62 Ala., 95, 102, say: “A strong case is required to induce the appointment of a receiver to take assets from the custody of an executor or administrator,- displacing his authority. The executor is appointed by the testator, who has the right to declare on whom the management of his estate after his death shall be reposed. The administrator derives his authority from, and is, in a qualified sense, the officer of another court of exclusive jurisdiction, compelled to give and keep a bond, with sufficient sureties, for the prompt and faithful discharge of the trusts of the administration. The court is, therefore, reluctant to interfere with them by the appointment of a receiver. There musí be actual misconduct, or fraud, and immediate danger of loss, -or the appointment of a receiver cannot be justified. A different rule obtains, and should obtain, than in the case of trustees. The court of probate has, by the constitution, a general jurisdiction over the grant of letters testamentary, and of administration, in which is involved the power of revocation. The grant, may be revoked whenever gross ¡misconduct is shown, or, whenever a necessity exists, addiional security may be required.”
In the case of Johnson v. Cochrane, supra, it is held:
First: ” Where an action is brought in the supreme *235 court under section 2653a of the code of civil procedure to determine the validity of a will, the issue is confined to the question whether the writing produced is or is not the last will of the testator, and the subject of the action is the validity of the will,”
Second: “The court has no power in such an action to appoint, by virtue of section 713, of the code of civil procedure, a receiver, after final judgment, to preserve the real property of the decedent during the pendency of an appeal.”
Third: “A court of equity possesses the power, independent of statute, to appoint a receiver to preserve property pendente lite, but such power can be exercised only in cases where the property is the direct subject of the action, and where the judgment to be granted will act upon the specific property.”
Fourth: “While the judgment in such an action is conclusive as to the title of real and personal property of the testator, it does not deal with or relate to the possession of any specific property of which the decedent died seized, and the plaintiff cannot, under any process that can be issued to enfocre the judgment, obtain possession of the real estate in question.
Fifth: “The effect of a judgment adjudging a will to be void is to leave the parties in the situation which the} would have occupied had the testator died intestate.”
In view of the authorities cited, and of the statutes, (section 6019a) in a case of the contest of a will, where an administrator, with the will annexed has been appointed and qualified prior to the commencement of the action to contest the will, and where,after the case has been taken to the circuit court on error, an application for the first time is made for a receiver, such application should not be granted either by that court or a judge thereof. If the necessity for a receiver exists, on account of disqualification or other disability of the administrator, the application and appointment should be made by the probate court that proved the will. Good v. Wiggins, 12 Ohio St., 341. The circuit court on error is not a court of equity, Revised Statutes, sections 6709, 5573; Atwood v. Whipple, 48 Ohio St., 308, 314. The petition in error in this case does not transfer to the circuit *236 or common pleas court the settlement of the estate of William M. Mattison deceased, nor does it involve the appointment or qualification of the administrator. The only question litigated in the common pleas was the validity of the will, leaving to the probate court jurisdiction to make all orders usual and proper to be made during the pendency of the litigation, for the care and preservation of the property, and for the protection of the rights and interests of the parties. The jurisdiction so remaining and conferred on the probate court by the probating of the will and the appointment of the administrator is exclusive in all respects in which it is adequate, Sayler v. Simpson, 45 Ohio St., 141; Havens et al. v. Horton, Jr., 53 Ohio St., 342; Mercer et al. v. Cunningham, 53 Ohio St., 353, 361.
Bowers & Black, for motion.
Douglass & Mengeri, contra.
A creditor cannot, nor can an heir or devisee, transfer the settlement of the estate of the decedent from the probate court to a court in chancery. McDonald v. Aten, 1 Ohio St., 293.
This application for a receiver should be dsnied, and the same is refused.