[Cite as *Gara v. Gara*, 2015-Ohio-4401.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| GERALD GARA | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 26671 |
| | : | |
| v. | : | T.C. NO. 15CVG212 |
| | : | |
| SHEILA S. GARA, et al. | : | (Civil appeal from |
| | : |  Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the ___23rd___ day of ____October____, 2015.

. . . . . . . . . . .

RYAN L. BRUNK, Atty, Reg. No. 0079237, 125 W. Main Street, New Lebanon, Ohio 45345
    Attorney for Plaintiff-Appellee

UPENDRA K. PATEL, Atty. Reg. No. 0065809, 130 W. Second Street, Suite 700 West, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} This matter is before the Court on the Notice of Appeal of Sheila S. Gara, filed April 20, 2015. In this forcible entry and detainer action, Gara appeals from the April 14, 2015 Decision & Order of the Municipal Court of Montgomery County, Western Division, that denied her "Motion to Vacate Entry of Restitution with Memorandum in

Support & Supporting Affidavit," and her "Motion to Stay Execution of Writ of Execution," both of which were filed on April 3, 2015, as well as her "Second Motion to Vacate Entry of Restitution with Memorandum in Support," which was filed on April 8, 2015. The court's entry provides that Sheila's eviction from the property at issue "is to proceed forthwith." We note that the Appellee herein, Gerald Gara, who is Sheila's son, did not file a responsive brief.

{¶ 2} Gerald filed his "Complaint in Forcible Entry and Detainer," on March 13, 2015, against Sheila and "all other occupants" of 1641 West Main Street, Lebanon. The complaint provides that Gerald is the owner of the West Main Street premises, and that Sheila was a tenant there "pursuant to an oral agreement." According to the complaint, Sheila "is in default of her oral agreement because [she] has not paid rent and is a holdover tenant." The complaint alleges that on January 29, 2015, Gerald served Sheila "with a 30 day notice to leave the premises pursuant to O.R.C. § 5321.17 and a 3-day notice to leave the premises pursuant to O.R.C. § 1923.04." According to the complaint, Sheila "has, since the 5th day of March, 2015, unlawfully and forcibly detained from the Plaintiff possession of the above-described premises." Gerald sought restitution of the West Main Street premises.

{¶ 3} Attached to the complaint is correspondence, dated January 30, 2015, from counsel for Gerald to Sheila, which provides that her month to month lease with Gerald is being terminated, and that she has until March 1, 2015 to vacate the premises and remove her belongings. The correspondence indicates the following address for Sheila: 101 Mills Place, New Lebanon, and provides: "You should note that a three day notice to vacate is being served with this letter to terminate your tenancy. Therefore, if you

have not vacated the premises by March 5, 2015 Gerald Gara will be forced to exercise their (sic) legal rights and initiate a Forcible Entry and Detainer Action in the Montgomery County Municipal Court." Also attached to the complaint is a "NOTICE TO LEAVE THE PREMISES." The Notice is signed by counsel for Gerald and provides: "You will please notice that I want you on or before March 5, 2015 to leave the premises that you occupy, and which you have rented of Gerald Gara situated and described as follows: 1641 West Main Street in New Lebanon, County of Montgomery and State of Ohio." The Notice provides: "YOU ARE BEING ASKED TO LEAVE THE PREMISES IF YOU DO NOT LEAVE, AN EVICTION ACTION MAY BE INITIATED AGAINST YOU. IF YOU ARE IN DOUBT REGARDING YOUR LEGAL RIGHTS AND OBLIGATIONS AS A TENANT, IT IS RECOMMENDED THAT YOU SEEK LEGAL ASSISTANCE." The Notice indicates "Holdover tenant" as grounds therefore.

{¶ 4} On March 16, 2015, a Summons was issued indicating that a hearing on the complaint would be held on March 30, 2015 at noon. The Summons reflects the West Main Street address for Sheila. The ordinary mail receipt reflects that the summons was mailed on March 20, 2015, and the receipt was filed on March 23, 2015. The Return of Summons indicates that the "Serving Officer" made "residential service" on March 18, 2015 at the West Main Street address.

{¶ 5} On April 1, 2015, the trial court issued an Entry that provides:

This day this cause came to be heard on the First Cause of Action and it appearing to the Court that Defendants herein were duly and legally served with process; that Defendants are in default for answer or appearance * * *; the Court finds that the facts are set forth in Plaintiff's

Complaint are true (sic) and that Plaintiff should have restitution of said premises therein described.

WHEREFORE, IT IS ORDERED AND ADJUDGED that Plaintiff should have restitution of said premises and recover the costs of this Action.

* * *

TO THE CLERK: Please issue a writ of restitution in the above captioned matter.

A "Writ of Restitution Execution" was also issued on April 1, 2015.

{¶ 6} In her first motion of April 3, 2015, Sheila asserted that the court lacked personal jurisdiction over her when it issued its Entry of April 1, 2015. Sheila asserted as follows:

* * * Mrs. Gara began residing at the rental premises located at 1641 West Main Street in 1985 with her husband and Plaintiff's father, Gerald J. Gara, Sr. In December of 1997 after the death of her husband and Plaintiff's father, Defendant quitclaimed her interest in the property at 1641 West Main Street to her sons, the Defendant, and his brother Jody Gara with the understanding that the Defendant could reside at the property until she remarried or died, whichever came first.

In August of 2014, Defendant was admitted to the New Lebanon Center for Genesis HealthCare, located at 101 Mills Place and left twenty nine years of personal property at the rental premises. She intended on returning to the rental premises. On January 30, 2015, Plaintiff served Defendant with a Notice of Termination of her tenancy (Ex.A), pursuant to

R.C. 5321.17, along with a Notice to Vacate (Ex.B) pursuant to R.C. 1923.04. These documents were served to Plaintiff at 101 Mills Place, which is the address of the nursing home that Defendant resided in at the time of the service of the notices and currently resides in.

Plaintiff filed a Complaint for Forcible Entry and Detainer against Defendant on March 13, 2015 and a hearing on restitution was set for March 30, 2015 at 12:00 P.M. Even though Plaintiff knew that Defendant was not currently residing at the rental premises at the time of the filing of the Forcible Entry and Detainer, plaintiff instructed the Clerk of courts to serve Defendant at the rental premises by regular mail and by bailiff posting. There was no request that Defendant be served at 101 Mills Place, the address where the notices were sent and where Defendant is currently residing.

Since Defendant had requested forwarding of her mail from the rental premises, she received her copy of the summons and complaint on March 30, 2015 after the restitution hearing. This Court granted restitution at the hearing and subsequently on April 1, 2015, this Court issued the Entry of Restitution. On that same date, a Writ of Restitution was issued.

Attached to the motion is Sheila's affidavit containing averments consistent with her motion.

**{¶ 7}** In her April 3, 2015 motion to stay execution, Sheila requested a stay "for the reason that defendant's [April 3, 2015 motion] has just been filed with this Court and is currently under consideration. The Writ of Restitution was filed on April 1, 2015." On

April 6, 2015, Gerald opposed Sheila's motion to vacate.  Gerald asserted in part as follows:

> * * * Defendant has never paid rent nor was there ever a rental agreement.   Plaintiff operates a garage (mechanic business) on the same property as the rental residence.   Defendant was placed in Genesis Healthcare Nursing Home last summer due to a mental illness and inability to take care of herself.   That said, it could be argued that Defendant abandoned her personal property.    Defendant is on Medicaid, has no disposable income, and has no resources to store her property.
>
> * * *
>
> Contrary to Defense counsel's assertion; Plaintiff's attorney did not instruct the court as to the method of service.   The court issued service pursuant to O.R.C. § 1923.06 as is reflected in its records.   Defendant was served at [the] address she indicated she was returning to and which is the subject of this case.   Defendant admits that she received service of summons via the U.S. regular mail service.   It is not incumbent on the Plaintiff to ensure the timeliness of the U.S. Postal Service and/or the nursing home's mail delivery system.   Since Defendant did receive service of summons it cannot be argued that it was not made in a manner reasonably calculated to apprise the interested parties.
>
> Therefore, this Court should ignore Defendant's motions as Defendant has abandoned the personal property or in the alternative that they are not supported by the law and facts and were simply filed with the

Court to delay what has been a very generously prosecuted case by the Plaintiff.

**{¶ 8}** In her second motion, Sheila asserted as follows:

Under R.C. 5321.17(B), a landlord may terminate a month-to-month tenancy by providing notice of termination to the tenant at least thirty (30) days prior to the periodic rental date. When proper notice is given, the tenant becomes a holdover tenant after the thirty day period expires and the tenant is subject to eviction. R.C. 1923.02(A)(1) provides that an eviction proceeding may be initiated against tenants holding over their terms. Proper service of an R.C. 1923.04(A) notice to leave the premises is a condition precedent to the commencement of an eviction action. * * *

In this case, the Plaintiff asserts that Ms. Gara is a month-to-month tenant. Therefore in order to terminate Ms. Gara's tenancy, the Plaintiff, in this case, was required to provide notice of termination to Ms. Gara thirty days prior to the next periodic rental date. Based on the letter dated January 30, 2015 from Plaintiff's attorney, Ryan Brunk, it appears that the tenancy was being terminated. Assuming that the letter was served properly and the tenancy was properly terminated, the earliest date Ms. Gara would become a holdover tenant is February 28, 2015, which is the 30th day from January 30, [2]015.

Prior to March 1, 2015, Ms. Gara was not a holdover tenant and thus not subject to a Notice to Leave the Premises under R.C. 1923.04. In this case, the Plaintiff's attorney, Ryan Brunk, served the R.C. 1923.04 notices

on or about January 29, 2015, which was prior to [the] R.C. 5321.17 notice and prior to Ms. Gara purportedly becoming a holdover tenant. Consequently, since the tenancy was not properly terminated, Ms. Gara did not become a holdover tenant and thus the Plaintiff had no right to serve the R.C. 1923.04(A) notice to leave. * * *

A notice to leave pursuant to R.C. 1923.04(A) could only have been served in this case after the tenancy was terminated. Because the tenancy in this case had not been terminated pursuant to R.C. 5321.17(B), the notice to leave served on January 29, 2015 was premature and does not comply with R.C. Chapter 1923. Therefore, the Plaintiff did not properly commence this eviction action and the court lacked subject matter jurisdiction to hear it.

{¶ 9} On April 8, 2015, Sheila filed a "Reply Memorandum to Plaintiff's Contra Memorandum to Defendant's Motion for Stay and Motion to Vacate Entry," asserting in part that since she "was not properly served, this Court never obtained jurisdiction over Ms. Gara and the judgment entered against her is void ab initio."

{¶ 10} On April 13, 2015, Gerald filed "Plaintiff's Memorandum Contra to Defendant's Second Motion for Stay and Motion to Vacate Entry."

{¶ 11} In its April 14, 2015 "Decision & Order," the court concluded that Sheila was "properly served." A "Writ of Restitution Execution" dated April 14, 2015 contains the following language: "This writ of restitution having issued this date, the Defendant is ordered to vacate the premises before 4-23-15. Should Defendant not vacate, all Furniture/Property found upon the premises shall be considered abandoned and

disposed of by said Plaintiff." The Return of Service portion, dated April 15, 2015, contains the following handwritten language in part: "no answer, taped to door also let son Gerald know I posted notice," and "4-23-15 locks changed."

{¶ 12} On April 20, 2015, Sheila filed a "Motion to Stay Execution Pending Appeal without Bond," along with an Affidavit, and on April 29, 2015, the court issued a Decision & Order that provides: "The court finds that Defendant's Motion to Stay Execution pending Appeal without Bond is overruled in part and granted in part. The Motion to Stay is denied. Defendant's request to Appeal without Bond is granted."

{¶ 13} Sheila asserts two assignments of error herein which we will consider together. They are as follows:

THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING APPELLANT'S MOTION TO VACATE ITS ENTRY BECAUSE THE TRIAL COURT LACKED PERSONAL JURISDICTION OVER THE APPELLANT DUE TO INEFFECTIVE SERVICE OF PROCESS.

And,

THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING APPELLANT'S MOTION TO VACATE ITS ENTRY BECAUSE THE TRIAL COURT LACKED SUBJECT MATTER JURISDICTION SINCE THE NOTICE TO VACATE WAS SERVED PREMATURELY AND NOT IN COMPLIANCE WITH R.C. CHAPTER 1923.

{¶ 14} According to Sheila, the method and place of service herein was not reasonably calculated to apprise her of the action and afford her an opportunity to answer and appear, "since both methods were at the rental premises and not at the place [Gerald]

knew [Sheila] was temporarily residing at time of service of process. Therefore, once [Sheila] had filed a Motion to Vacate together with an uncontradicted, sworn statement that she never received service of a complaint, the trial court should have * * * vacated the judgment against her."

{¶ 15} Shelia further asserts as follows:

In this case, [Gerald] attempts to create a holdover tenancy by terminating the month-to-month tenancy with a notice of termination on January 30, 2015. * * * Assuming that the letter was served properly and the tenancy was properly terminated, the earliest date [Sheila] would become a holdover tenant is February 28, 2015, which is the 30th day from January 20, [2]015. Prior to March 1, 2015, [Sheila] was not a holdover tenant and thus not subject to a Notice to Leave the Premises under R.C. 1923.04.

{¶ 16} As this Court has previously noted:

The Ohio Supreme Court has stated that actions in forcible entry and detainer determine the right to immediate possession of the property "and nothing else." *Seventh Urban, Inc. v. University Circle*, 67 Ohio St.2d 19, 25, 423 N.E.2d 1070 (1981). A forcible entry and detainer action is intended to serve as an expedited mechanism by which an aggrieved landlord may recover possession of real property. *Miele v. Ribovich*, 90 Ohio St.3d 439, 441, 2000–Ohio–193, 739 N.E.2d 333. Once a landlord has been restored to the property, the forcible entry and detainer action becomes moot because, having been restored to the premises, there is no further relief that

can be granted. *RLJ Management Co., Inc. v. Larry Baldwin*, 3d Dist. Crawford No. 3–01–16, 2001–Ohio–2237.

The only method by which a defendant appealing a judgment of forcible entry and detainer may prevent the cause from becoming moot is stated in R.C.1923.14[1]. *Long v. MacDonald*, 3d Dist. Crawford No. 3–02–10, 2002–Ohio–4693. The statute provides a means by which the defendant may maintain, or even recover, possession of the disputed premises during the course of his appeal by filing a timely notice of appeal, seeking a stay of execution, and posting a supersedeas bond. *Colonial American Dev. Co. v. Griffith*, 48 Ohio St.3d 72, 549 N.E.2d 513 (1990). If the defendant fails to avail himself of this remedy, all issues relating to the action are rendered moot by his eviction from the premises. *Long*, supra. * * *.

*Cherry v. Morgan*, 2d Dist. Clark Nos. 2012 CA 11, 2012 CA 21, 2012-Ohio-3594, ¶ 4-5.

**{¶ 17}** While Sheila filed a motion for stay of execution in the trial court, her motion was overruled, and she failed to obtain a stay with this Court. Accordingly, the instant appeal is moot. Since Sheila's appeal is moot, we do not reach the merits of her assigned errors; therefore, Sheila's appeal is dismissed[2].

---

[1] "* * *If an appeal from the judgment of restitution is filed and if, following the filing of the appeal, a stay of execution is obtained and any required bond is filed with the court of common pleas, municipal court, or county court, the judge of that court immediately shall issue an order to the sheriff, police officer, constable, or bailiff commanding the delay of all further proceedings upon the execution. * * *." R.C. 1923.14(A).

[2] At oral argument, Sheila directed our attention to *Gold Key Realty v. Collins*, 2d Dist. Greene No. 2013 CA 57, 2014-Ohio-4705; *Agler Green Cooperative v. Rivers,* 10th Dist. Franklin No. 87AP-915, 1987 WL 31282 (Dec. 23, 1987); and *Huber Investment Corp. v. Chapman*, 2d Dist. Montgomery No. CA14593, 1995 WL 127896 (March 22, 1995). *Gold Key Realty* involved a subsidized housing tenant*,* and this Court noted in part that an

. . . . . . . . . .

WELBAUM, J., concurs.

FROELICH, P.J., concurring:

I concur that this appeal is moot. A moot issue may still be addressed if it is capable of repetition, but evades review, *State ex rel. Plain Dealer Pub. Co. v. Barnes*, 38 Ohio St.3d 165, 527 N.E.2d 807 (1998), or where there remains a debatable constitutional issue to resolve or where the matter is one of great public or general interest. *Franchise Developers, Inc. v. Cincinnati*, 30 Ohio St.3d 28, 505 N.E.2d 966 (1987).

However, the unique facts before us, the lack of request for a bond from the appellate court, and the at-this-point hypothetical nature of collateral consequences removes this case from any exceptions to mootness.

. . . . . . . . . .

---

exception to the mootness doctrine exists, namely that the tenant may "suffer collateral consequences from her eviction, i.e., that her eligibility for project-based assisted housing will be affected." *Id.*, ¶ 24. This Court further noted that "tenants of federally-subsidized housing have a constitutionally-protected interest in continued occupancy of their housing." *Id.*, ¶ 25. Sheila is not a subsidized housing tenant, and we cannot conclude that collateral consequences to her eviction exist to except her appeal from the mootness doctrine. *Rivers* is also a subsidized housing case of no application herein. In *Chapman*, this Court noted that while "a voluntary vacation of the premises renders a forcible entry and detainer action generally moot, * * * Mr. Chapman countered that [the tenants] had left the premises only in response to an official court ordered eviction notice," and this Court "found the appeal therefore not moot and * * * overruled the motion to dismiss." *Id.*, * 1. We note that this Court in *Chapman* further cited *Crossings Dev. Ltd. V. H.O.T., Inc.*, 96 Ohio App.3d 455, 645 N.E.2d 159 (9th Dist. 1994), which held conversely "that it is not the voluntary nature of the departure of a lessee from the premises that renders an appeal from a forcible entry and detainer action moot, but, rather, simply the *fact* that the lessor has possession of the premises, regardless of the manner by which possession was obtained." *Chapman*, fn. 2. This Court in *Chapman* did not refer to R.C. 1923.14, upon which we rely herein, consistent with *Cherry v. Morgan*, to conclude that Sheila's appeal is moot.

Copies mailed to:

Ryan L. Brunk
Upendra K. Patel
Hon. Adele M. Riley