[Cite as *State v. Bielfelt*, 2024-Ohio-5055.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO, CITY OF MENTOR,<br><br>Plaintiff-Appellee,<br><br>- vs -<br><br>GEORGE T. BIELFELT,<br><br>Defendant-Appellee,<br><br>(TERRI BIELFELT,<br><br>Appellant). | CASE NO. 2024-L-024<br><br>Criminal Appeal from the Mentor Municipal Court<br><br>Trial Court No. 2023 CRB 00214 A |

**M E M O R A N D U M**
**O P I N I O N**

Decided: October 21, 2024
Judgment: Appeal dismissed

*Lisa Klammer*, City of Mentor Prosecutor, and *Nicholas R. Brown*, City of Mentor Assistant Law Director, 8500 Civic Center Boulevard, Mentor, OH 44060 (For Plaintiff-Appellee).

*Nicole A. Cruz* and *Joseph G. Stafford*, Stafford Law Co., LPA, North Point Tower, 1001 Lakeside Avenue, Suite 1300, Cleveland, OH 44114 (For Defendant-Appellee).

*Brian A. Murray* and *Larry W. Zukerman*, Zukerman, Lear & Murray Co., LPA, 3912 Prospect Avenue East, Cleveland, OH 44115 (For Appellant).

JOHN J. EKLUND, J.

{¶1} On March 25, 2024, Appellant (Terri Bielfelt) (hereafter "the victim") filed her notice of appeal against her "estranged" husband, Appellee (George Bielfelt). She

appeals the trial court's placing Mr. Bielfelt in a diversion program, vacating its finding of guilt, and sealing the record.

{¶2} On July 1, 2024, Mr. Bielfelt moved to strike or seal the victim's appellate brief. Also on July 1, he moved to dismiss this appeal. On July 11, 2024, the victim filed briefs in opposition to both motions. On July 18, 2024, Mr. Bielfelt filed a reply to the victim's brief in opposition to the motion to dismiss.

{¶3} For the following reasons, Mr. Bielfelt's motion to dismiss is granted in part and denied in part. We sua sponte dismiss the remaining appeal. Mr. Bielfelt's motion to seal the victim's appellate brief is granted.

## Factual and Procedural History

{¶4} On February 16, 2023, the Mentor Municipal Court charged Mr. Bielfelt with one count of Domestic Violence, a first-degree misdemeanor in violation of R.C. 2919.25(A).

{¶5} On February 17, 2023, the court held an arraignment hearing. Mr. Bielfelt pled not guilty. The court ordered him to have no contact with the victim. The victim did not appear at the hearing, but a victim's advocate was present.

{¶6} On March 1, 2023, the victim filed a written request to exercise her rights under Marsy's Law.

{¶7} On April 14, 2023, the victim, through counsel, sent a letter, via email, to the State (and copied the judge). In the letter, the victim noted that the court held a pre-trial hearing on March 6, 2023. The victim said that the State "indicated" it was considering "diversion as a possible resolution." The victim further explained that on April 10, 2023,

2

Case No. 2024-L-024

the State informed her that it had offered Mr. Bielfelt an agreement in which the State would recommend he enter a diversion program.  The victim objected to the State's offer.

{¶8}    On May 24, 2023, the court held a pre-trial hearing.  On May 25, 2023, the court scheduled a change of plea hearing for June 7, 2023.

{¶9}    On June 7, 2023, the court held a change of plea hearing and Mr. Bielfelt changed his plea to no contest.  The court accepted his plea.  The State recommended he enter diversion therapy.  The victim appeared.  Through counsel, the victim objected to Mr. Bielfelt entering a diversion program.  Defense counsel explained that Mr. Bielfelt had had an "assessment" and he was "recommended just some individual therapies needed provided by recommendations to the Court's probation department."  The court took the recommendations under advisement and referred the case for a pre-sentence report with a possibility of diversion.  The court advised Mr. Bielfelt that it had yet to decide "for diversion or not," but to "follow through with my probation staff."

{¶10}  On June 7, 2023, the court assigned the case for a sentencing hearing with a possible diversion to be held on June 25, 2023.  On June 20, 2023, the court rescheduled the hearing to September 22, 2023.  On September 22, 2023, the court assigned the case to be heard on January 17, 2024.

{¶11}  On January 16, 2024, the victim filed written objections to the court's granting Mr. Bielfelt diversion.  She argued that granting Mr. Bielfelt diversion would prejudice her in obtaining a Domestic Violence Civil Protection Order.  She also asserted that Mr. Bielfelt should be statutorily precluded from being granted diversion because he was a "dangerous offender."

Case No. 2024-L-024

{¶12} On January 17, 2024, the court held a sentencing hearing. Neither Mr. Bielfelt nor anyone else appeared on his behalf. The court found him in contempt of court for failing to appear. The victim again objected to the court granting diversion.

{¶13} On January 26, 2024, the court held an arraignment and Mr. Bielfelt pled not guilty to contempt.

{¶14} On March 1, 2024, the court held a contempt hearing and a sentencing hearing "with a possible diversion." Mr. Bielfelt changed his plea to no contest for contempt. The court then proceeded with the sentencing hearing.

{¶15} The chief probation officer testified. He said that the probation department referred Mr. Bielfelt to complete 6 treatment sessions. The probation officer explained that after Mr. Bielfelt completed 9 sessions, the court held a "diversion hearing."[1] The court acknowledged that it held a prior diversion hearing. It explained that at the prior hearing, the court read the counselor's notes, which recommended Mr. Bielfelt complete more sessions. The court also relayed that at the prior hearing, it told Mr. Bielfelt to "follow through" with additional sessions or it would not grant diversion. At the March 1, 2024 hearing, the probation officer testified that Mr. Bielfelt had attended 24 sessions and completed the treatment plan.

{¶16} Continuing with the March 1, 2024 hearing, the court considered that Mr. Bielfelt had completed the treatment plan and had made "good progress." The victim appeared and, through counsel, objected to granting Mr. Bielfelt diversion therapy. The court addressed the victim's arguments. Having found that Mr. Bielfelt "followed through"

---

1. There is nothing in the record to show when the court held the hearing nor has a transcript been provided for that hearing.

4

with his therapy sessions, the court ordered that its finding of guilt be vacated and the record sealed.

{¶17} On March 25, 2024, the victim timely appealed the court's orders. She raises three assignments of error:

{¶18} First assignment of error: "The trial court erred in granting the Appellant's estranged husband diversion because he is a 'dangerous offender' who is statutorily precluded from being eligible to participate in a diversion program pursuant to R.C. 2935.36(A)(1)."

{¶19} Second assignment of error: "The trial court erred in granting the Appellant's estranged husband diversion and ordering the records pertaining to his arrest for domestic violence sealed over her objections because said judgment violated her constitutional rights under Marsy's law."

{¶20} Third assignment of error: "The trial court erred in sealing the record of Appellant's estranged husband's criminal case without following any of the procedures set forth in R.C. 2953.33."

## Law and Analysis

**Motion to Dismiss:**

{¶21} Mr. Bielfelt has moved to dismiss this appeal, arguing that the victim does not have standing (as a non-party) under Marsy's Law to file this appeal.

{¶22} The constitutional amendment known as Marsy's Law became effective on February 5, 2018, and expands the rights afforded to victims of crimes. Ohio Constitution Article I, Section 10a. Those rights are specifically enumerated.

Case No. 2024-L-024

**{¶23}** Marsy's Law provides: "The victim . . . in any proceeding involving the criminal offense or delinquent act against the victim or in which the victim's rights are implicated, may assert the rights enumerated in this section and any other right afforded to the victim by law. If the relief sought is denied, the victim or the victim's lawful representative may petition the court of appeals for the applicable district . . . ." Ohio Constitution Article I, Section 10a(B).

**{¶24}** Thus, the victim only has standing to assert rights that are either enumerated in Marsy's Law or otherwise afforded by law.

**{¶25}** In this case, the victim challenges the trial court's granting Mr. Bielfelt diversion therapy in lieu of conviction and ordering his record sealed.

**{¶26}** R.C. 2935.36(A) provides that "[t]he prosecuting attorney may establish pre-trial diversion programs for adults who are accused of committing criminal offenses and whom the prosecuting attorney believes probably will not offend again."

**{¶27}** R.C. 2935.36(C) provides:

> The trial court, upon the application of the prosecuting attorney, shall order the release from confinement of any accused who has agreed to enter a pre-trial diversion program and shall discharge and release any existing bail and release any sureties on recognizances and shall release the accused on a recognizance bond conditioned upon the accused's compliance with the terms of the diversion program. The prosecuting attorney shall notify every victim of the crime and the arresting officers of the prosecuting attorney's intent to permit the accused to enter a pre-trial diversion program. The victim of the crime and the arresting officers shall have the opportunity to file written objections with the prosecuting attorney prior to the commencement of the pre-trial diversion program.

**{¶28}** Under R.C. 2935.36(C), the right to object to a court's placing the defendant in a diversion program is one afforded to the victim by law.

6

Case No. 2024-L-024

{¶29} Here, the victim filed her objections and continuously objected to the court granting diversion throughout the proceedings. The court granted Mr. Bielfelt diversion despite those objections. The victim therefore has standing to challenge that order.

{¶30} But, for the following reasons, the court's granting Mr. Bielfelt diversion and vacating its finding of guilt is a moot issue.

{¶31} "[S]uccess in a diversion program is the constructive equivalent of serving a sentence for the crime charged." *Cleveland v. McCruel*, 2017-Ohio-182, ¶ 24 (8th Dist.) citing *State v. Urvan*, 4 Ohio App.3d 151, 157(8th Dist.1982). Once a defendant has completed all requirements under a diversion program, double jeopardy prevents the defendant from being prosecuted again and no relief could be afforded, rendering the issue moot. *Id.*

{¶32} Mr. Bielfelt has successfully completed the diversion program and the court vacated its finding of guilt. The issue is therefore moot and no court may order the victim's requested relief that Mr. Bielfelt be convicted.

{¶33} Mr. Bielfelt's motion to dismiss on this issue is denied because the victim had standing to appeal. We sua sponte dismiss the appeal on this issue because it is moot.

{¶34} We next address whether or not the victim has standing to appeal the trial court's ordering the record sealed.

{¶35} R.C. 2953.33(B)(4) provides: "If the court determines . . . that the complaint, indictment, or information in the case was dismissed, . . . that no criminal proceedings are pending against the person; and the interests of the person in having the records pertaining to the case sealed or expunged, as applicable, are not outweighed by any

7

legitimate governmental needs to maintain such records, . . . the court shall issue an order directing that all official records pertaining to the case be sealed or expunged . . . and that . . . the proceedings in the case be deemed not to have occurred."

{¶36} Neither Marsy's Law nor R.C. 2953.33 grants a victim any rights to be notified of, or object to, a court's ordering a defendant's record sealed if the finding of guilt is vacated.[2] The victim may only assert a right enumerated within Marsy's Law or any other right afforded by law. There is none. The victim therefore does not have standing to raise this issue on appeal.

{¶37} The victim argues that ordering the record sealed "violated her constitutional rights under Marsy's Law to be treated with fairness and respect for her safety and the right to reasonable protection from her estranged husband as it would prejudice her ability to obtain a domestic violence civil protection order against him in the pending protection order proceedings . . . ." Yet, the victim does not articulate how her rights to fairness and respect for her safety were impacted by the court's sealing Mr. Bielfelt's record after having dismissed the charges against him. Any pending civil protection order proceeding is not part of this record.

{¶38} We find that the victim does not have standing to appeal the trial court's ordering the record sealed.

{¶39} Mr. Bielfelt's motion to dismiss is hereby granted.

---

2. R.C. 2953.32 applies to eligible offenders who have been convicted and provides a victim certain rights. However, that section is not applicable in this case because the court vacated its guilty finding. Moreover, successful completion of a diversion program results in the charges being dismissed. R.C. 2935.36(F).

Case No. 2024-L-024

**Motion to Strike or Seal the Victim's Appellate Brief:**

{¶40} Mr. Bielfelt has also moved to "strike or seal" the victim's appellate brief. He contends that the victim, by incorporating facts from the proceedings below, has "improperly" made a sealed record public. The victim has opposed the motion.

{¶41} While our appellate rules do not provide for striking a brief, Ohio's Civil Rules are instructive.

{¶42} Civ.R. 12(F) grants a court discretion to "order stricken from any pleading any insufficient claim or defense or any redundant, immaterial, impertinent, or scandalous matter."

{¶43} With guidance from Civ.R. 12(F), we find that striking the victim's appellate brief is not appropriate in this case.

{¶44} Upon consideration, Mr. Bielfelt's argument persuasive that the record below was sealed and that information is not public.

{¶45} We have authority to seal portions of the record on appeal to maintain the confidentiality of the material. See *Safeco Ins. Co. of Am. v. Fed. Ins. Co.*, 2009-Ohio-457.

{¶46} Mr. Bielfelt's motion to strike is denied. We grant his motion to seal the victim's appellate brief.

## Conclusion

{¶47} Mr. Bielfelt's motion to dismiss is granted in part. We sua sponte dismiss the remaining appeal as moot. Mr. Bielfelt's motion to seal the victim's appellate brief is granted. His motion to strike the victim's appellate brief is denied.

9

Case No. 2024-L-024

{¶48} This appeal is hereby dismissed.


MARY JANE TRAPP, J.,

MATT LYNCH, J.,

concur.

10