[Cite as *In re E.H.*, 2025-Ohio-4958.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [In the Matter of: | : | |
| E.H.,] | : | No. 24AP-718 |
| | | (M.C. No. 2024 CRX 51959) |
| [Tina Love, | : | |
| Appellant.] | : | (REGULAR CALENDAR) |
| | : | |
| | : | |

D E C I S I O N

Rendered on October 30, 2025

**On brief:** *Tina Love, pro se.*[1]

APPEAL from Franklin County Municipal Court

MENTEL, J.

{¶ 1} Appellant, Tina Love, appeals from a November 18, 2024 entry granting the application for expungement of defendant-appellee, E.H. For the reasons that follow, we dismiss Love's appeal as moot.

**I. FACTS AND PROCEDURAL HISTORY**

{¶ 2} On January 28, 2022, E.H. was charged in Franklin County M.C. case No. 22CR-10880 with disorderly conduct, a minor misdemeanor, in violation of R.C. 2917.11(A)(4). On July 14, 2022, E.H. was charged in Franklin County M.C. case No. 22CR-10883 with making false alarms, a misdemeanor of the first degree, in violation of R.C. 2917.32(A)(3). These matters were dismissed on May 23, 2023. Also on May 23, 2023, E.H. was charged in Franklin County M.C. case No. 23CR-8127 with violating a peace warrant in violation of R.C. 2933.02. This matter was dismissed on June 13, 2024.

---

[1] On July 6, 2025, Love filed a notice of waiver of oral argument.

{¶ 3} On August 27, 2024, E.H. filed a written application for record sealing/expungement under R.C. 2953.32/2953.33. On October 18, 2024, Love, the alleged victim in the case, filed a written objection in opposition.

{¶ 4} A hearing was held in this matter on November 11, 2024. The trial court noted for the record that the probation department had reviewed the case and concluded that E.H. "appears to qualify" for expungement. (Nov. 18 2024 Tr. at 2.) The trial court also noted that while the state did not file an objection, Love had filed a written objection in this matter. The trial court permitted Love's counsel to address the court regarding the nature of his client's objection to grant the expungement. Counsel then read a statement written by Love into the record. At the conclusion of the statement, counsel for E.H. argued that his client qualified under the relevant statutory section and noted that the City of New Albany had elected not to object to E.H.'s application. (Tr. at 17-18.) At the conclusion of the hearing, the trial court stated that he was inclined to grant the application for expungement. (Tr. at 19.) That same day, the trial court issued an entry granting the application for expungement of records. The entry directs in relevant part, "**[i]t is ordered that all official records relating to the above captioned case be destroyed, deleted, or erased so that the record is permanently irretrievable** 45 days after the date of this Entry. **It is further ordered** that upon any inquiry into this matter, any employee of the Court or the Clerk of Court's Office shall respond that no record exits." (Emphasis in original.) (Nov. 18, 2024 Entry.)

{¶ 5} Love filed an appeal in this matter.

## II. ASSIGNMENTS OF ERROR

{¶ 6} Love raises five assignments of error for our review:

[1.] In Granting the Expungement the trial court erred by interference with pending litigation/interference with the judicial process

[2.] By Expunging the Peace Bond as part of [E.H.'s] criminal record the trial court committed Error of Law.

[3.] By trial court Judge stating - "And then I refuse to think I would need to have to keep it open for the entire appeals process." The trial court committed Plain Error/Jurisdictional Error.

[4.] Irreversible Error – In Expunging [E.H.'s] criminal record & associated Peace Bond, the trial court caused irreversible error.

[5.] The trial court erred by not giving enough weight to evidence/victim's testimony

(Sic passim.)

## III. ANALYSIS

### A. Mootness

{¶ 7}  Preliminarily, we must address whether Love's appeal of the November 18, 2024 entry is moot.

{¶ 8}  The doctrine of mootness is derived from the "case" or "controversy" language of the United States Constitution, Article III, Section 2. *State v. S.B.*, 2024-Ohio-2080, ¶ 37 (10th Dist.), citing *State v. Johnpillai*, 2023-Ohio-2745, ¶ 8 (10th Dist.).  A case is considered moot when the issue has "become fictitious, colorable, hypothetical, academic or dead.  The distinguishing characteristic of such issues is that they involve no actual genuine, live controversy, the decision of which can definitely affect existing legal relations." (Further citation omitted.) *S.B.* at ¶ 37.  Reviewing courts lack jurisdiction over a moot question. *State v. Beach*, 2021-Ohio-4497, ¶ 21 (10th Dist.).  It is not the role of the court to address purely academic or abstract questions. *Id.*, citing *Doran v. Heartland Bank*, 2018-Ohio-1811, ¶ 13 (10th Dist.).  If a reviewing court finds that an appeal is moot, the case must be dismissed as it no longer presents a justiciable controversy. *S.B.* at ¶ 37, citing *Grove City v. Clark*, 2002-Ohio-4549, ¶ 11 (10th Dist.).

{¶ 9}  Under R.C. 2505.04, an appeal is perfected upon the filing of a written notice of appeal.  Once a notice of appeal is filed, the trial court loses jurisdiction except to take action in aid of the appeal. *In re S.J.*, 2005-Ohio-3215, ¶ 9.  Thus, unless a stay of execution is obtained, the trial court retains its authority to enforce its judgments.  As set forth in R.C. 2505.09, "an appeal does not operate as a stay of execution until a stay of execution has been obtained pursuant to the Rules of Appellate Procedure or in another applicable manner."

{¶ 10}  Ohio courts have dismissed appeals as moot as a result of a party's failure to obtain a stay of execution under a variety of circumstances. *See, e.g., State v. Thatcher*, 2024-Ohio-5993, ¶ 9, citing *State v. Collins*, 2013-Ohio-5642, ¶ 16 (7th Dist.), citing *State v. Parrish*, 2013-Ohio-305, ¶ 5 (2d Dist.) (concluding that the defendant's appeal of his

misdemeanor conviction was moot after he did not obtain a stay of execution, and consequently, completed his sentence, paid any fines or costs, and was not subject to collateral legal disability stemming from the conviction); *Gara v. Gara*, 2015-Ohio-4401, ¶ 17 (2d Dist.) (finding an appeal of a forcible entry and detainer action moot when defendant failed to obtain a stay of execution); *PrimeLending v. Milhoan*, 2020-Ohio-3703, ¶ 24 (5th Dist.) (concluding the appeal moot as the "[a]ppellant failed to obtain a stay of execution after the trial court issued the decree in foreclosure, failed to request a stay of the distribution of proceeds, and failed to appeal the confirmation entry").

{¶ 11} In the case sub judice, Love argues the trial court erred in granting E.H.'s application for expungement of the criminal records in the above cases. In its November 18, 2024 entry, the trial court granted E.H.'s application and ordered, in relevant part, **"that all official records relating to the above captioned case be destroyed, deleted, or erased so that the record is permanently irretrievable** 45 days after the date of this Entry." (Emphasis in original.) (Nov. 18, 2024 Entry.) While Love filed a notice of appeal prior to the expiration of the 45-day period, she failed to seek a stay execution of the trial court's entry. Because the records at issue, consistent with the trial court's entry, were "destroyed, deleted, or erased so that the record is permanently irretrievable," we are unable to meaningfully review the trial court's decision to grant the expungement. (Emphasis omitted.) *Id.* Therefore, we must dismiss this case as moot as it no longer presents a justiciable controversy.

{¶ 12} Accordingly, we find Love's appeal is dismissed as moot.

**B. Sealing of Appellate Briefs and Related Filings**

{¶ 13} We observe that Love's filing of an appeal in this case, through incorporating facts from the trial court's proceedings, has effectively made various portions of the expunged record public. The Supreme Court of Ohio has observed an appellate court's authority to seal portions of the record on appeal to maintain confidentiality of the material. *See State v. Bielfelt*, 2024-Ohio-5055, ¶ 45 (11th Dist.), citing *Safeco Ins. Co. v. Fed. Ins. Co.*, 2009-Ohio-457 (granting the appellee's motion to seal the victim's appellate brief that argued the trial court erred by ordering the records related to his arrest for domestic violence sealed). Therefore, given the nature of this appeal, we also sua sponte seal Love's appellate brief and related filings.

## IV. CONCLUSION

{¶ 14} For the foregoing reasons, Love's appeal is dismissed as moot, and we sua sponte seal Love's appellate brief and related filings.

*Case dismissed.*

JAMISON, P.J. and DORRIAN, J., concur.

JAMISON, P.J., concurring.

{¶ 15} I concur with the majority decision to find that the actions of the lower court precluded review of the record and agree with the decision finding that the appeal is moot. I write separately because the failure of the trial court to stay destruction of records while an appeal is pending interfered with the appellate court's jurisdiction.

{¶ 16} Courts of Appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the Court of Appeals within the district and shall have such appellate jurisdiction as may be provided by law to review and affirm, modify, or reverse final orders or actions of administrative officers or agencies. Ohio Const., art. IV, § 3(B)(2).

{¶ 17} After an appeal has been properly taken to the Court of Appeals from a judgment or final order from a trial court, the general rule is that the trial court loses jurisdiction. *Vavrina v. Greczanik*, 40 Ohio App.2d 129, 132, fn. 3 (8th Dist. 1974). *Compare State v. Collins*, 24 Ohio St.2d 107 (1970). Although the trial court retains jurisdiction over issues that are not before the Court of Appeals on an appeal, such as collateral issues of contempt of court (*Vavrina* at 132 and fn. 4 therein), after an appeal is properly taken, a trial court cannot proceed in such a manner as to lead to a decision of a question which cannot properly be determined until after the determination of the appeal.

{¶ 18} " 'But, the general rule is that when an appeal is taken from the district court the latter court is divested of jurisdiction, except to take action in aid of the appeal, until the case is remanded to it by the appellate court.' " *State ex rel. Prosecutors v. Judges*, *Court of Common Pleas*, 55 Ohio St.2d 94, 97 (1978), quoting Moore, *Federal Practice*, Paragraph 60:30(2) (2 Ed. 1970). "Yet, it has been stated that the trial court does retain jurisdiction over issues not inconsistent with that of the appellate court to review, affirm, modify or reverse the appealed judgment, such as the collateral issues like contempt, appointment of a receiver and injunction."

*Id.*, citing *In re Kurtzhalz*, 141 Ohio St. 432 (1943); *Goode v. Wiggins*, 12 Ohio St. 341 (1861); *Fawick Airflex Co. v. United Elec.*, *Radio & Machine Workers of Am.*, 90 Ohio App. 24 (8th Dist. 1951). The trial court may not dispose of a case to interfere with the jurisdiction or order of the appellate court. The proceedings of the trial court pending appeal are subject to be set aside if such proceedings are inconsistent with the order or decision of the appellate court. *Kurtzhalz* at paragraph one of the syllabus; *Goode*, 12 Ohio St. 341; *State ex rel. Austin v. Shaffer*, 1956 Ohio App. LEXIS 845 (2d Dist. June 18, 1956); 4A Corpus Juris Secundum, *Appeal and Error*, § 609, at 399-401.

{¶ 19} In this case, the parties voluntarily entered into a consent agreement in Franklin County C.P. case No. 22CV-8081, expiring October 9, 2028, which referenced Franklin County M.C. case No. 2023 CRB 8127. Although a consent agreement may not include a finding by clear and convincing evidence that domestic violence occurred, it underpins the appellant's assertion that the cases should not have been expunged, and certainly no records should have been destroyed during the pendency of an appeal. The appellant followed the Ohio Rules of Appellate Procedure by filing a notice in the trial court that an appeal had been filed and ordered the transcript of the proceedings. Because filing an appeal divested the trial court of jurisdiction, no motion for stay was necessary.

{¶ 20} The trial court decided "[a]nd then I refuse to think I would need to have to keep it open for the entire appeals process." (Tr. at 19.) *Vavrina* is binding upon the trial court. The trial court loses jurisdiction until the appellate court performs its constitutional duties. The trial court cannot determine that the case should not "be kept open for the entire appeals process" to obviate the review of the decision and interfere with the jurisdiction of the appellate court.

{¶ 21} The trial court was divested of authority to destroy records once a notice of appeal was filed, the transcript was ordered, as the court order was subject to an automatic stay by virtue of the appeal until the trial court decision was either affirmed, modified or reversed by the appellate court. I would find that the destruction of the records of the underlying cases that were ordered expunged prevented the appellate court from doing its constitutionally assigned duties, which include, reviewing the decision of the trial court and determining if expungement and destruction of records, making them permanently irretrievable, was the correct order.

{¶ 22} The actions of the trial court were improper, rendered this appeal moot, were inconsistent with the appellate court's power to review, affirm, modify or reverse the trial court's

decision, and otherwise interfered with the appellate court's ability to conduct a meaningful review.

{¶ 23} I would order that the trial court preserve any and all records of proceedings in future expungement cases for the entire appeals process for meaningful appellate review. Therefore, I concur.

DORRIAN, J., concurring.

{¶ 24} I understand the concern expressed in the concurring opinion that destruction of the record in this case impeded with this court's ability to conduct a meaningful review.

{¶ 25} However, I concur with the majority decision.  Ohio Rules of Appellate Procedure 10(A) states "[a]fter filing the notice of appeal the *appellant* shall comply with the provisions of App.R. 9(B) *and shall take any other action reasonably necessary to enable the clerk to assemble and transmit the record.*"  (Emphasis added.)  As the majority suggests, the filing of a motion to stay execution of the trial court's entry would be one such reasonably necessary action given R.C. 2953.31(B)(2)(b) states that "expunge" means "[t]o destroy, delete, and erase a record as appropriate for the record's physical or electronic form or characteristic so that the record is permanently irretrievable."[2]

_____

---

[2] Consistent with R.C. 2953.31(B)(2)(b), the trial court ordered that "all official records relating to the above captioned case be destroyed, deleted, or erased so that the record is permanently irretrievable 45 days after the date of this Entry." (Nov. 18, 2024 Entry at 1.)  However, it is not clear to me the authority for the "45 days after the date of this Entry" time frame.