**[This decision has been published in *Ohio Official Reports* at 91 Ohio St.3d 30.]**

THE STATE EX REL. COLLINS, APPELLANT, *v.* INDUSTRIAL COMMISSION OF

OHIO ET AL.

[Cite as *State ex rel. Collins v. Indus. Comm*., 2001-Ohio-2.]

*Workers' compensation—Motion filed by claimant seeking reinstatement of temporary total disability compensation based on claim of depression resulting from allowed conditions—Denial of motion by Industrial Commission an abuse of discretion, when.*

(No. 99-1829—Submitted January 10, 2001—Decided January 31, 2001.)

APPEAL from the Court of Appeals for Franklin County, No. 98AP-915.

————————————

*Per Curiam.*

{¶ 1} Appellant-claimant Delmar W. Collins was industrially injured on February 4, 1983. His workers' compensation claim was originally recognized for multiple conditions, including "epididymitis, diffused disc bulging at L3-4 and L4-5 and grade 1 spondylolisthesis of L5 on S1, sprain[ed] right knee; patella chondromalacia; tibial plateau chondromalacia; torn medial meniscus right knee." Claimant received temporary total disability compensation ("TTD") based on these conditions until June 2, 1993, when it was terminated due to the maximum medical improvement of those conditions.

{¶ 2} In 1997, the claim was additionally allowed for "depression." This prompted claimant to seek reinstatement of his TTD based on the depressive condition. A district hearing officer ("DHO") for the Industrial Commission of Ohio denied claimant's motion, and claimant appealed. At a hearing before a staff hearing officer ("SHO"), there were several documents from claimant's treating psychiatrist, Dr. Edward Kezur. A February 20, 1997 C-84 physician's report supplemental certified claimant as TTD through March 7, 1997, due to depression.

An earlier February 22, 1993 letter from Kezur discussed claimant's condition in depth. It discussed claimant's work injury and stated that "[s]ince then he has been suffering from chronic pain and complications of depression." He also stated that claimant "is depressed because he is in constant pain in his lower back and down his right leg." The final document consisted of nineteen pages of office notes covering claimant's visits from 1992 through 1996.

{¶ 3} The SHO denied the appeal, but modified the DHO's order, concluding that Dr. Kezur's office notes were not persuasive, as they showed that claimant's depression was due to his personal problems, not to his allowed conditions.

{¶ 4} Further appeal was refused.

{¶ 5} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission had abused its discretion in denying his motion. The court of appeals disagreed, and denied the writ.

{¶ 6} This cause is now before this court upon an appeal as of right.

{¶ 7} Claimant asserts that the documents from Dr. Kezur are "uncontradicted evidence" of TTD due to the allowed depressive condition, and that the commission's stated reason for rejecting them is an abuse of discretion. We agree.

{¶ 8} The SHO concluded that any depression that existed was not due to claimant's allowed conditions. He based his conclusion on Dr. Kezur's office notes, writing:

"[T]he office notes of Dr. Kezur from 11-11-92 to 11-18-96 [*sic*, 11-8-96] are not persuasive. The notes deal mainly with claimant's court problems for non-support payment and criminal changes [*sic*] – these factors are the cause of claimant's depression. The allowed conditions concerning the low back are mentioned only two or three times in the 75 visits form [*sic*] 11-11-92 to 11-[8]-96."

2

{¶ 9} The SHO's statements are simply incorrect. While claimant's domestic problems are indeed discussed, the notes do not deal "mainly" with those issues to the exclusion of claimant's low-back problem. Contrary to the SHO's representation, we found at least fifty office visits where claimant's back pain was mentioned. For example, "constant" back pain was expressed on at least fourteen occasions. Claimant was described as "pain ridden" on five visits. References to "much" pain, "chronic and acute" pain and "killing" pain are seen repeatedly. Such complaints led Dr. Kezur to observe in 1996 that claimant was "still obsessed with his pain."

{¶ 10} Dr. Kezur stated on February 22, 1993, that claimant was "depressed because he is in constant pain in his lower back and down his right leg," and had been depressed "since" his work injury. Dr. Kezur's notes support this conclusion, and, in the absence of contrary evidence, we find that claimant has met his burden of proof. Accordingly, the judgment of the court of appeals is reversed.

*Judgment reversed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————

*Butkovich, Schimpf, Schimpf & Ginocchio Co., L.P.A., James A. Whittaker* and *Stephen P. Gast*, for appellant.

————————————