[Cite as *Front St. Bldg. Co., L.L.C. v. Davis*, 2016-Ohio-7412.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| FRONT STREET BUILDING CO., LLC | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 27042 |
| | : | |
| v. | : | T.C. NO. 16CVG138 |
| | : | |
| JAMES DAVIS, et al. | : | (Civil appeal from |
| | : | Municipal Court) |
| Defendant-Appellant | : | |
| | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the ___21st___ day of _____October_____, 2016.

. . . . . . . . . . .

JOEL SHAPIRO, Atty. Reg. No. 0004758, 298 Vintage Place, Dayton, Ohio 45415
    Attorney for Plaintiff-Appellee

JAMES DAVIS, 1036 Creighton Avenue, Dayton, Ohio 45420
    Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, P.J.

**{¶ 1}** This matter is before the Court on the Notice of Appeal of James Davis, filed March 10, 2016. Davis appeals from the February 9, 2016 Magistrate's Decision and Judgment Entry of the Dayton Municipal Court that granted restitution of the commercial premises located at 36A Front Street, Dayton, Ohio, to Front Street Building Co., L.L.C. ("Front Street").

{¶ 2} Front Street commenced an action in forcible entry and detainer against Davis on January 13, 2016, alleging in its "First Cause of Action" that Davis "has ever since January 7, 2016, unlawfully and forcibly detained" the premises at issue, and that Front Street sought restitution thereof. The complaint alleged that on January 4, 2016, Front Street served notice to Davis to vacate the premises on or before January 7, 2016. In its "Second Cause of Action" Front Street alleged that Davis failed to pay rent as agreed and that the sum of $1,436.80 is due through January, 2016, "consisting of unpaid rents for December, 2015 and January, 2016 plus late charges." Finally, in its "Third Cause of Action" Front Street alleged that Davis "will owe to the Plaintiff $21.00 for each day of occupancy past January 31, 2016, said amount being the reasonable value of the use and occupancy of said premises." Front Street sought "judgment against the Defendant for restitution of the premises and for the sum of $1,436.80 together with the sum of $21.00 per day from February 1, 2016, until vacation of the premises and the costs of this action." Front Street attached a copy of the "Month-to-Month Rental Agreement" entered into by the parties, reflecting a monthly rental of $628.00 plus late charges due on the first of each month. The agreement reflects the "rental will begin on 12/01/15," and that it was signed by Krysten Smith on December 4, 2015 and by Davis on December 8, 2015. Front Street also attached the January 4, 2016 "Three Day Notice to Pay Rent or Quit," as well as the affidavit of Richard Lundin, the manager of Front Street, who averred that Davis "is in default of rent."

{¶ 3} On February 2, 2016, Davis filed a pro se "Notice of Jurisdictional Defect and Demand to Dismiss," arguing that the Dayton Municipal Court is "not a constitutional court." Davis attached two printouts from the website "manta.com," as well as his affidavit

to the notice. Davis' affidavit provides that the printouts are true and accurate copies "exactly as downloaded from the web site manta.com." On February 5, 2016, Davis filed a pro se "Answer, Affirmative Defenses, Counterclaims, and Third Party Claims with Jury Demand Endorsed Hereon." Davis objected "to the jurisdiction of the alleged 'Dayton Municipal Court,' a private company." In his first counterclaim, Davis alleged that Front Street "has engaged in unfair business practices, by filing an unjustified lawsuit, which if granted, will result in the loss of approximately $40,000 * * * of my personal assets." In his second counterclaim, Davis asserted that Front Street "has engaged in deceptive business practices." In his first third party claim, Davis alleged that Richard Ludlin and Krysten Smith "have conspired by causing to be filed, an unjustified lawsuit." In his second third party claim, Davis alleged that Ludlin and Smith "have conspired to enable and justify the conversion of my assets to their gain, by filing an unjustified lawsuit, which if granted, will result in the waste of approximately 15 years of effort and gain, which I conservatively estimate at $100,000 * * *."

{¶ 4} At trial before the court, the following exchange occurred:

THE PLAINTIFF: If it please the court your Honor. The Plaintiff is the owner of the premises as described in the complaint. The parties hereto entered into a written agreement (inaudible) attached to the (inaudible) which is a month to month lease. The Defendant has failed to pay rent on December, January, and now February. Statutory three days [sic] was also served. I'm asking for restitution of the premises.

THE COURT: Very well. Sir, are you Mr. James Davis?

THE DEFENDANT: Yes.

THE COURT: And it is correct that you are behind in your rent at this time?

THE DEFENDANT: No.

THE COURT: Ok do you have receipts for your rent to show that you are current sir?

THE DEFENDANT: I don't have any rent. The contract he's attached to his [sic] is an invalid and unenforceable contract. It does not obligate me to pay any rent.

THE COURT: Ok, so you don't have any receipts to show you've been paying rent sir?

THE DEFENDANT: I don't owe any rent.

THE COURT: Ok very well, sir. The court is going to grant restitution of the premises.

THE DEFENDANT: I object your Honor.

THE COURT: Back to the Plaintiff of Front Street Building Company. The second cause will be continued. Just so the record is clear sir I did also get a filing. I believe it was time stamped in by [sic] our clerk's office on February 2, 2016 marked Notice of Jurisdictional Defect and Demand to Dismiss. I have reviewed that and gave it consideration. I have denied that as well sir.

THE DEFENDANT: Ok what's the basis for that denial?

THE COURT: You can petition the court sir but I don't have to reveal that to you sir. The Court has considered it and it has been denied.

THE DEFENDANT: I object and protest.

{¶ 5} The February 8, 2016 Writ of Restitution issued by the court provides that judgment in favor of Front Street was rendered on February 5, 2016. The February 9, 2016 Magistrate's Decision and Judgment Entry provides in part that the "The Court further finds that Plaintiff is the owner/landlord of the premises; that all statutory notices were served; that Defendant(s) have breached the written/oral agreement between the parties as described in the complaint; and that Plaintiff(s) should have restitution of the premises forthwith." A "Dayton Municipal Court Notice of Eviction," dated February 8, 2016, was served on February 9, 2016, setting an eviction date of February 16, 2016.

{¶ 6} On February 9, 2016, Davis filed a "Demand to Vacate Findings of Fact and Conclusions of Law and to Vacate any Order of Restitution that may be Entered in this Case, and to Maintain the Status Quo." Therein he asserted that the municipal court, "a private company," lacked jurisdiction. He asserted that even "if there was jurisdiction for said hearing, the proceedings held at that time were totally biased and prejudiced, and violated virtually all valid legal procedure." Davis asserted that he "made sworn testimony that the alleged debt claimed by Plaintiff is invalid." Davis asserted that he "filed counterclaims and third party claims in this case, but was given no opportunity by the alleged court to bring this fact to the alleged court's attention." Davis argued that he "was not given the opportunity to introduce additional testimony that the necessary 30 day notice, required by Ohio law, was not served prior to filing Plaintiff's Complaint."

{¶ 7} On February 12, 2016, Front Street filed a "Memorandum Contra." Front Street asserted that Davis' "claim that this Court has no jurisdiction is certainly invalid." Front Street asserted that the statements made by its counsel "at the time of the hearing

of this matter, supporting the allegations of its Complaint, were not denied by the Defendant who offered no valid defense to the Complaint, particularly with regard to his failure to pay rent. This gave the Court the authority, in essence, to grant Plaintiff restitution on a summary basis." Front Street asserted that "a thirty day notice is not required in a non-payment situation. The statutory three day notice was served and has been admitted by the Defendant." Finally, Front Street argued that Davis' "claim of irreparable damage, if evicted, can apply in any forcible detainer case. This is no defense."

{¶ 8} Also on February 12, 2016, Front Street filed a "Motion to Strike Defendant's Counterclaims and Cross Claims." Front Street asserted as follows:

Argument – The issue is whether the forcible detainer action can be heard separately from the monetary issue raised by the Counterclaims. Rule 13(J) of the Ohio Rules of Civil Procedure mandates that an entire case must by certified to the Common Pleas Court when a counterclaim exceeds the monetary jurisdiction of the Municipal Court. However, Rule1(C) provides that forcible detainer actions are specifically exempt from the mandates of the Civil Rules. The issue, then is whether the matter of restitution of premises matter may be heard separately from Defendant's counterclaims, which are essentially, that Plaintiff has engaged in unfair and/or deceptive business practices by filing the instant lawsuit.

Generally, restitution claims may be heard separately from a Defendant's counterclaims. * * * The issue is whether the counterclaims are so intertwined with the forcible detainer action that bifurcation would be

untenable.    * * *

In the instant case, such an intertwining is impossible.   In the first place, the causes of action put forward by the Defendant are not causes of action at all.   A cause of action does not exist until a point in time when the action may be commenced and enforced.   In other words, the cause of action must have accrued.   A cause of action cannot exist until a claim exists and may be resorted to. * * * Here, Defendant's counterclaims seek a recovery for things which have not yet occurred.   Therefore, the counterclaims are invalid and not justiciable.

Moreover, it is not explained by the Defendant how an undisputed failure to pay rent can amount to an unfair or deceptive business practice. If this were the case, all forcible detainer actions would be subject to these counterclaims.   In any event, there is no substantial intertwining of the causes in the Complaint and the Counterclaims.

As to Defendant's third party complaints, even if justiciable, they would have to be separated out and sent to the Common Pleas Court for hearing as they are over the Court's jurisdictional amount and have nothing to do with the forcible action.   These Cross Claims and the Defendant's Counterclaims, if justiciable, should be heard by the Common Pleas Court.

Therefore, this Court should maintain the forcible detainer portion of this case, strike the counterclaims and cross claims and, if the Court deems it necessary, refer them to the Montgomery County Common Pleas Court.

{¶ 9} On February 16, 2016, the Magistrate issued an "Entry" that provides that

the matter "came before the Court on Defendant's Motion, filed on February 9, 2016. Plaintiff filed a Memorandum Contra of February 12, 2016. After consideration, Defendant's Motion is hereby **DENIED**."

**{¶ 10}** On February 19, 2016, Davis filed a pro se "Response to the Alleged Entry and Decision filed on February 16, 2016." Davis again asserted that the municipal court lacked jurisdiction. He asserted that the Magistrate "is obviously, totally biased and prejudiced, and violated virtually all valid legal procedure, because a magistrate, with jurisdiction, can only make findings of fact and conclusions of law and make a recommendation to a judge." Davis asserted that the February 16, 2016 "Entry" "offers nothing in the way of findings of fact and conclusions of law," and that it "is void on its face, in every respect." Finally, Davis argues that his "document filed on February 9, 2016 was not a motion. A motion presumes jurisdiction of a court, and a question to be resolved by a judge, not a magistrate." Also on February 19, 2016, Davis filed a second "Demand to Vacate Findings of Fact and Conclusions of Law and to Vacate any Order or Restitution that may be Entered in this Case, and to Maintain the Status Quo." On February 23, 2016, Front Street filed a "Reply of Plaintiff to Defendant's Counterclaims," asserting that Davis' "counterclaims fail to state claims upon which relief can be granted."

**{¶ 11}** On February 26, 2016, the municipal court issued an "Entry and Order Denying Defendant's Motion to Vacate Judgment." On March 8, 2016, the court issued an "Entry and Order of Transfer," which provides: "Defendant's counterclaims exceeding the monetary jurisdiction of this Court, Plaintiff's second cause of action and Defendant's counterclaims are transferred to the Montgomery County Court of Common Pleas for all further action required."

**{¶ 12}** On April 25, 2016, Davis filed a "Motion to Maintain Status Quo" in this Court, which provides in part: "I, James Robert Davis, request that this Court enter a request to John Muncy, Auctioneer, * * * to deposit with the Clerk of Court of Montgomery County, Ohio, the sum of Three Thousand One Hundred twenty Five Dollars ($3,125). This is stated as a request because Mr. Muncy is not a party to this case. Mr. Muncy has indicated that he will certainly honor this request." Davis requested, "in the alternative, * * * an order requiring Appellee to deposit the stated Three Thousand One Hundred twenty Five Dollars ($3,125) with the Clerk of Court of Montgomery County, Ohio, if that money is received from John Muncy." Finally, Davis asked "this Court to order the Clerk of Court of Montgomery County, Ohio, to hold the specified sum until all litigation involving this money is terminated."

**{¶ 13}** Davis' supporting memorandum provides as follows:

* * *

As a result of the illegal and improper judgment of the Dayton Municipal Court, the premises occupied by Appellant was locked up by the Bailiff of said court. At that point, approximately $40,000 of Appellant's property was held hostage by Appellee.

The only way that Appellee would allow me access to my property was if I agreed to have an auction of my property and for the auctioneer to agree to pay the sum of Three Thousand One Hundred twenty Five Dollars ($3,125) to Appellee.

Attorney for Appellee drew up a contract (a copy of which is attached as Exhibit A) specifying that I have an auction of my property and for the

auctioneer to agree to pay the sum of Three Thousand One Hundred twenty Five Dollars ($3, 125) to Appellee.

* * *

I signed the stated contract under duress and or coercion, which was made clear at the time of signing.

{¶ 14} The attached Agreement provides as follows:

This Agreement is made this 17th day of February, 2016, by and between Front Street Building Co. LLC, hereinafter referred to as "Front Street" and James Davis hereinafter referred to as "Davis."

WHEREAS the parties in the past have been in a relationship of landlord and tenant of property owned by Front Street at 36A Front Street, Dayton, Ohio, and

WHEREAS the parties wish to agree as to a methodology for the removal of Davis' personal property from the Front Street Building, now

THEREFOR the parties hereto agree as follows:

1.   On February 16, 2016, pursuant to a Court Order of the Dayton Municipal Court, Case No. 16CVG00138, Front Street shall be entitled to take possession of the unit known as 200-0100 at 36A Front Street, Dayton, Ohio.  It is recognized that Davis has personal property in said premises which he needs two weeks to remove.   Front Street grants to Davis though February 29, 2016, to remove his property from the premises.   Any property owned by Davis that remains in Unit 200-0100 and Unit 100-1412 or in outside storage at 36A Front Street, Dayton, Ohio on March 1, 2016,

shall be deemed abandoned by Davis and shall become the property of Front Street.

2. Davis shall contract with an auction company to sell his personal property which is located at the premises owned by Front Street. Upon a sale of said property by the auction company, the sum of $3,125[.]60 which includes rent through February 29, 2016 and Front Street's court costs and legal fees shall be paid to Front Street by Davis. To insure said payment Davis hereby authorizes and directs the auction company to pay said amount directly to Front Street at PO Box 963, Dayton, Ohio 45401-0963. By these presents Davis hereby assigns said amount to Front Street from the proceeds of such sale.

* * *

Muncy and Associates (auction company) hereby acknowledges receipt of the assignment contained in paragraph 2 above and agrees to pay Front Street Building Co. LLC the sum of $3,125.60 from the proceeds of the sale of personal property belonging to James Davis.

The Agreement is signed by Krysten Smith, leasing manager, Davis and John Muncy.

{¶ 15} On May 2, 2016, Front Street filed a "Motion to Dismiss" Davis' appeal, asserting that Davis "failed to file his brief in a timely manner," and that the "issues, if any, in this appeal are moot." Davis opposed the motion on May 16, 2016, asserting that his failure to file a brief was "excusable error," since he did not receive "the 11(B) notice." He further asserted his appeal is not moot, since there "are numerous errors to be raised in my appeal, any of which will render Appellee's eviction, and or the judgment of the Dayton

Municipal Court, invalid." On May 17, 2016, Front Street opposed Davis' "Motion to Maintain Status Quo." Front Street argued that "this Court has no personal jurisdiction over an entity which is not a party to this appeal," and that "a reviewing Court ordinarily will not consider questions that were not presented to the lower Court."

{¶ 16} On May 19, 2016, Davis filed a "Motion for Leave to File Appellant's Brief." On May 25, 2016, this Court issued a "Decision and Entry" overruling Davis' "Motion to Maintain the Status Quo." On June 3, 2016, this Court overruled Front Street's motion to dismiss, noting as follows: "First, Davis' brief is not yet due, as the clerk of courts has not yet issued the App.R. 11(B) notice indicating that the record is complete and starting the briefing schedule. Second, the question of mootness should be raised in the parties' brief and will be decided after a full review of the record." This Court ordered the parties "to address the issue of whether this matter is moot in their briefs."

{¶ 17} In his brief[1], Davis initially argues that "it is patently obvious that this appeal is not moot. I, James Robert Davis, have substantial right to repossess my tenancy and to damages caused by Appellee."

{¶ 18} As this Court previously noted:

The Ohio Supreme Court has stated that actions in forcible entry and detainer determine the right to immediate possession of the property "and nothing else." *Seventh Urban, Inc. v. University Circle*, 67 Ohio St.2d 19,

---

[1] We note that the documents attached to Davis' brief, namely his affidavit, a copy of a "New Tenant Agreement and Rental Receipt Month to Month Lease," dated August 19, 2011 for the Front Street premises, correspondence from Morton L. Epstein to Davis dated June 29, 2013, correspondence from Davis to counsel for Front Street, dated February 5, 2015, and correspondence to Davis from counsel for Front Street, dated February 23, 2016, are not part of the record on appeal. App.R. 9(A)(1).

25, 423 N.E.2d 1070 (1981). A forcible entry and detainer action is intended to serve as an expedited mechanism by which an aggrieved landlord may recover possession of real property. *Miele v. Ribovich*, 90 Ohio St.3d 439, 441, 2000-Ohio-193, 739 N.E.2d 333. Once a landlord has been restored to the property, the forcible entry and detainer action becomes moot because, having been restored to the premises, there is no further relief that can be granted. *RLJ Management Co., Inc. v. Larry Baldwin*, 3d Dist. Crawford No. 3-01-16, 2001-Ohio-2[3]37.

The *only* method by which a defendant appealing a judgment of forcible entry and detainer may prevent the cause from becoming moot is stated in R.C. 1923.14. [Emphasis added.] *Long v. MacDonald*, 3d Dist. Crawford No. 3-02-10, 2002-Ohio-4693. The statute provides a means by which the defendant may maintain, or even recover, possession of the disputed premises during the course of his appeal by filing a timely notice of appeal, seeking a stay of execution, and posting a supersedeas bond. *Colonial American Dev. Co. v. Griffith*, 48 Ohio St.3d 72, 549 N.E.2d 513 (1990). If the defendant fails to avail himself of this remedy, all issues relating to the action are rendered moot by his eviction from the premises. *Long*, supra. * * *.

*Cherry v. Morgan*, 2d Dist. Clark Nos. 2012 CA 11, 2012 CA 21, 2012-Ohio-3594, ¶ 4-5.

{¶ 19} R.C. 1923.14 provides:

* * * If an appeal from the judgment of restitution is filed and if, following the filing of the appeal, a stay of execution is obtained and any

required bond is filed with the court of common pleas, municipal court, or county court, the judge of that court immediately shall issue an order to the sheriff, police officer, constable, or bailiff commanding the delay of all further proceedings upon the execution. * * *

**{¶ 20}** As noted in the concurring opinion in *Gara v. Gara*, 2d Dist. Montgomery No. 26671, 2015-Ohio-4401:

A moot issue may still be addressed if it is capable of repetition, but evades review, *State ex rel. Plain Dealer Pub. Co. v. Barnes*, 38 Ohio St.3d 165, 527 N.E.2d 807 (1998), or where there remains a debatable constitutional issue to resolve or where the matter is one of great public or general interest. *Franchise Developers, Inc. v. Cincinnati*, 30 Ohio St.3d 28, 505 N.E.2d 966 (1987).

*Id.* (Froelich, P.J., concurring).

**{¶ 21}** Davis failed to seek a stay of execution in the municipal court and post a supersedeas bond following the filing of his appeal, and none of the exceptions to mootness apply herein. Accordingly, the instant appeal is moot. Since Davis' appeal is moot, we do not reach the merits of his assigned errors; therefore, Davis' appeal is dismissed.

. . . . . . . . .

FROELICH, J. and WELBAUM, J., concur.

Copies mailed to:

Joel Shapiro
James Davis
Hon. Mia Wortham Spells