DECISION
{¶ 1} Appellant, William W. Wilkins, Tax Commissioner of Ohio ("tax commissioner"), appeals from a judgment of the Franklin County Probate Court, which sustained exceptions of the trustee of the estate of Robert T. Wise ("Estate") concerning a deficiency assessment against the Estate. Appellee, National City Bank, Trustee for the Estate ("trustee"), opposes the tax commissioner's appeal. Amicus curiae, the Ohio Society of Certified Public Accountants, has filed an appellate brief in support of appellee.
 {¶ 2} Following submission of this case for our determination, appellee has moved this court to dismiss the instant appeal, claiming that the controversy between the parties is moot due to (2005) Am.Sub.H.B. No. 66. Agreeing that the controversy is moot, appellant has moved to vacate the judgment below and seeks an order remanding the matter to the tax commissioner.
 {¶ 3} According to stipulated facts, Robert T. Wise died testate on May 6, 2002.[1] Prior to his death, Wise executed an inter vivos trust. At the time of death, Wise's assets were either owned by the trust or passed automatically to his surviving spouse outside of probate. After Wise's death, Wise's last will and testament and a first codicil to this last will and testament were filed for record purposes in the probate court. In February 2003, state and federal estate tax returns were filed.
 {¶ 4} In December 2003, the Ohio Department of Taxation issued a "Certificate of Determination of Ohio Estate or Additional Tax" in which it claimed that additional estate tax was due. In January 2004, the Estate's trustee filed exceptions to this determination. Thereafter, the probate court rendered a decision and entry wherein it sustained the trustee's exceptions to the determination that additional estate tax was due. From this judgment, the tax commissioner appeals.
 {¶ 5} The gravamen of the tax commissioner's appeal concerns the probate court's statutory interpretation of former R.C. 5731.18(A). Sustaining exceptions of the Estate's trustee, the probate court held that former R.C 5731.18 should be interpreted by applying Section 2011 of the Internal Revenue Code[2] that was in effect at the time of Robert Wise's death. However, the tax commissioner contends that former R.C.5731.18 should be interpreted by applying Section 2011 of the Internal Revenue Code that was in effect as of 1983.
 {¶ 6} After the submission of this case for our determination, (2005) Am.Sub.H.B. No. 66 amended R.C. 5731.18(A), effective June 30, 2005. (2005) Am.Sub.H.B. No. 66 also contained uncodified law. See, e.g., Section 557.03 of (2005) Am.Sub.H.B. No. 66. Section 557.03 provides:
A credit is hereby allowed against the additional estate tax imposed by section 5731.18 of the Revised Code on the estate of a decedent who dies on or after January 1, 2002, but before the effective date of that section as amended by this act. The credit shall equal that portion of the additional estate tax imposed by section 5731.18 of the Revised Code that is over and above the additional estate tax that would have been imposed if the tax levied by division (A) of that section had been an amount equal to the maximum credit allowable by section 2011 of the Internal Revenue Code that was in effect and applicable on the date of such decedent's death for any taxes paid to any state.
 {¶ 7} Here, the tax commissioner agrees that, as a consequence of Section 557.03 of (2005) Am.Sub.H.B. No. 66, the Estate has no additional estate tax liability under R.C. 5731.18. Because both the tax commissioner and Estate's trustee agree that the Estate has no additional tax liability under R.C. 5731.18 pursuant to (2005) Am.Sub.H.B. No. 66, there is no actual controversy between the parties.
 {¶ 8} "The duty of this court is to decide actual controversies between the parties and to enter judgments capable of enforcement. We are not required to give mere advisory opinions or to rule on questions of law which cannot affect the matters in issue in the case before us."State v. Bistricky (1990), 66 Ohio App.3d 395, 397.
 {¶ 9} Accordingly, because both parties agree that the Estate is not subject to any further estate tax liability under R.C. 5731.18 pursuant to (2005) Am.Sub.H.B. No. 66, we grant judgment accordingly. Furthermore, we deny appellee's motion to dismiss the instant appeal and also deny appellant's motion to vacate the probate court's judgment with instructions to remand the matter to the tax commissioner.
Motion to dismiss appeal denied; motion to vacate judgment andremand denied; judgment accordingly.
Bryant and Christley, JJ., concur.
Christley, J., retired of the Eleventh Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] The parties do not stipulate whether Robert T. Wise was a resident of Ohio at the time of his death. However, in its decision and entry, the probate court found that he was a resident of Franklin County, Ohio.
[2] Section 2011, Title 26, U.S.Code.