OPINION
{¶ 1} Plaintiffs-appellants, the Lancaster School Support Association, OEA/NEA ("LSSA"), Jennifer Lape, and Pamela Orshoski, appeal from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendants-appellees, the Lancaster City School District Board of Education ("School Board") and the Ohio Board of Nursing ("OBN"). Because this case is moot, we dismiss the appeal.
 {¶ 2} In the fall of 2002, Student Doe[1] entered kindergarten at an elementary school in the Lancaster City School District ("District"). Student Doe suffers from Angelman's Syndrome and, as a result, he is prone to generalized seizures. As part of Student Doe's treatment, his physician prescribed Diastat, a rectally-administered drug that is designed to terminate an ongoing seizure. When Student Doe began attending kindergarten, his mother insisted that school personnel be trained to administer Diastat in the event that Student Doe suffered a seizure in the school bus or at school.
 {¶ 3} After conferring with Student Doe's physician, school personnel incorporated the administration of Diastat into Student Doe's Individualized Education Program. With the physician's guidance, school personnel developed a protocol for administering the drug if Student Doe began seizing in the school bus or at school. The protocol only authorized certain individuals to administer Diastat to Student Doe. Lape and Orshoski, educational aides who interfaced with Student Doe during the school day, were included in the list of authorized individuals. Neither Lape nor Orshoski is a licensed nurse. Nevertheless, Lape and Orshoski's supervisor required them to administer Diastat to Student Doe in the event of a seizure.
 {¶ 4} On February 6, 2003, appellants filed suit against the School Board and the OBN. Appellants acknowledged in their verified complaint that school personnel implemented the protocol in accordance with the established School Board policy for the administration of drugs to students, which was adopted pursuant to and in compliance with R.C. 3313.713. However, appellants contended that the administration of Diastat constituted the unauthorized practice of nursing under the Nurse Practice Act, R.C. Chapter 4723, and its accompanying regulations.
 {¶ 5} In the appellants' amended complaint, Lape and Orshoski sought a temporary restraining order and preliminary and permanent injunctions prohibiting the School Board from requiring them to administer Diastat. Additionally, all appellants sought a writ of mandamus that would require the OBN to enforce its prohibition against the unauthorized practice of nursing. Finally, all appellants sought a declaratory judgment stating that: (1) the protocol requiring unlicensed District employees to perform nursing functions violated R.C. 4723.02; (2) R.C.3313.713 did not grant the School Board the authority to require its employees to engage in the unauthorized practice of nursing; and, (3) the School Board violated Lape and Orshoski's rights by requiring them to engage in the unauthorized practice of nursing and thereby subjecting them to civil and criminal liability.
 {¶ 6} All the parties filed motions for summary judgment. While these motions remained pending, Student Doe's parents enrolled him in a school outside of the purview of the District. Student Doe, now in the fourth grade, continues to attend this non-district school.
 {¶ 7} On March 7, 2006, the trial court issued a decision and entry granting the School Board and the OBN's motions for summary judgment. Appellants now appeal from that judgment. The School Board and the OBN have filed cross-appeals.
 {¶ 8} On appeal, appellants assign the following errors:
1. The lower court erred in failing to hold that the administration of medications to enrolled students at a public school district is governed by Ohio's Nurse Practice Act and must be handled by a registered nurse, licensed practical nurse, or a non-nurse acting pursuant to a delegation of nursing authority.
2. The lower court erred in holding that a non-nurse in a public school setting may assess the medical condition of a student experiencing absence seizures, complex partial seizures and/or tonic-clonic seizures for the purpose of making decisions on whether or not to administer medications.
3. The lower court erred in holding that the "emergency" exception, R.C. 4723.32(D), to the otherwise broad prohibition of the unauthorized practice of nursing in the Nurse Practice Act applies in the case of a student with a diagnosed medical condition who experiences foreseeable seizures.
4. The lower court erred in failing to require that the Ohio Board of Nursing enforce the Nurse Practice Act in Ohio's Schools.
 {¶ 9} On cross-appeal, the School District assigns the following errors:
1. The trial court erred in denying the School Board's motion in limine.
2. The trial court erred in considering R.C. Chapter 4723, the Ohio Nurse Practice Act, in interpreting and applying R.C.3313.713, as R.C. 3313.713 is specifically exempted from the Act's provisions.
 {¶ 10} Also on cross-appeal, the OBN assigns the following errors:
1. The lower court erred in determining that the Nurse Practice Act, R.C. Chapter 4723, overrides R.C. 3313.713, as R.C. 3313.713
is specifically exempted from the Nurse Practice Act's provisions.
2. The lower court erred in failing to consider the administrative rules of the Ohio Board of Nursing in pari material with the Nurse Practice Act.
3. The lower court erred in failing to defer to the administrative judgment of the Board as to what actions constitute the unauthorized practice of nursing, what tasks require nursing judgment, and what constitutes an "emergency situation" under the Nurse Practice Act.
4. The lower court erred in failing to recognize that Ohio's regulatory scheme supports the authority of Ohio's citizens to enlist unlicensed individuals to assist them with medication administration.
5. The lower court erred in denying the Ohio Board of Nursing's motion in limine to exclude evidence of expert opinion on an issue of law.
6. The lower court erred in denying the Ohio Board of Nursing's motion to dismiss where the court did not have jurisdiction to grant the injunctive relief, and Plaintiffs were not entitled to mandamus relief.
 {¶ 11} Because we find that this case is moot, we do not reach the merits of the arguments presented by these assignments of error.
 {¶ 12} Actions are moot when "`they involve no actual genuine, live controversy, the decision of which can definitely affect existing legal relations.'" Lingo v. Ohio Cent. RR.,Inc., Franklin App. No. 05AP-206, 2006-Ohio-2268, at ¶ 20, quoting Grove City v. Clark, Franklin App. No. 01AP-1369, 2002-Ohio-4549, at ¶ 11. See, also, Robinson v. Indus. Comm.,
Franklin App. No. 04AP-1010, 2005-Ohio-2290, at ¶ 6 (holding that an action is moot "when a litigant receives the relief sought before the completion of the lawsuit * * *"). Ohio courts have long recognized that a court should not entertain jurisdiction over cases that are not actual controversies. Tschantz v.Ferguson (1991), 57 Ohio St.3d 131, 133; State ex rel. ElizaJennings, Inc. v. Noble (1990), 49 Ohio St.3d 71, 74. If, while an action is pending, an event occurs, without the fault of either party, which renders it impossible for a court to grant any effectual relief, the court will generally dismiss the appeal. Tschantz, supra, quoting Miner v. Witt (1910), 82 Ohio St. 237, syllabus.
 {¶ 13} In the case at bar, the controversy between the parties arose when school personnel adopted a protocol that required Lape and Orshoski to administer Diastat to Student Doe in the event he began seizing. As Student Doe no longer attends a school operated by the District, neither Lape, Orshoski, nor any other LSSA member is required to administer Diastat to him. Accordingly, with the controversy underlying this action resolved, this appeal is moot.
 {¶ 14} In arguing otherwise, appellees posit that, even in the absence of a controversy, this court can consider the legal issues this case presents. In essence, appellees ask this court to issue an advisory opinion. Pursuant to well-settled precedent, we must decline to do so. State ex rel. White v. Koch,96 Ohio St.3d 395, 2002-Ohio-4848, at ¶ 18; In the Matter of the Estateof Wise, Franklin App. No. 04AP-1012, 2005-Ohio-5644, at ¶ 8.
 {¶ 15} Next, the parties argue that the two exceptions to the mootness doctrine apply. First, the parties assert that the issues this action raises are capable of repetition yet evading review. Pursuant to this exception, although an action may be moot, a court may still resolve it if: "(1) the challenged action is too short in duration to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." State ex rel. Calvary v. UpperArlington (2000), 89 Ohio St.3d 229, 231. Here, the second criteria is satisfied. The School Board will probably again order non-nurse LSSA members to administer Diastat to a student, and the LSSA will probably file a lawsuit in response. However, the first criteria — that the challenged action is too short in duration as to avoid resolution — is not satisfied. We fail to see why a dispute over the administration of Diastat to a District student by LSSA members will necessarily (or even likely) evade review in the future. The District provides public education from kindergarten through the 12th grade. When a child, such as Student Doe, enters kindergarten with a Diastat prescription, any non-nurse LSSA members ordered to administer the drug could have 13 years in which to pursue an action such as this one.
 {¶ 16} The decision of In re Appeal of Suspension of Huffer
(1989), 47 Ohio St.3d 12, does not alter our conclusion that this case is not one that would evade review. In Huffer, a high school student violated a school board policy prohibiting students from attending school while "under the influence" of drugs or alcohol. The Supreme Court of Ohio held that the action was one that was capable of repetition yet evading review because "students who challenge school board rules generally graduate before the case winds its way through the court system." Id. at 14. Although the court's reasoning is applicable to disputes centering on high school students, it is not relevant to disputes centering on elementary students. As an action such as the instant one can arise as early as a student's kindergarten year,Huffer is not dispositive.
 {¶ 17} Appellants and the OBN also argue that the mootness doctrine does not apply here because the matters appealed are of great public or general interest. Even if a case is moot, a court may hear the appeal where the matter appealed is one of great public or general interest. White, supra, at ¶ 16. However, this court has restricted the use of this exception to rare occasions, recognizing that "it is only the highest court of the state that adopts this procedure rather than a court whose decision does not have binding effect over the entire state."Robinson, supra, at ¶ 10, quoting Nextel West Corp. v.Franklin Cty. Bd. of Zoning Appeals, Franklin App. No. 03AP-625,2004-Ohio-2943, at ¶ 15. See, also, Brown v. Brown, Franklin App. No. 03AP-1205, 2005-Ohio-2425, at ¶ 18.
 {¶ 18} We conclude that this case is not of such great public or general interest to meet the high threshold necessary to except it from the mootness doctrine. Approximately 6,000 students attend schools operated by the District, but the superintendent can only identify six students to whom non-nurse school personnel might have to administer Diastat. Although we do not question the significance of this matter to those six students or to the affected school personnel, the issues presented by this case appear to impact a limited number of individuals. Additionally, we note that the alleged conflict between R.C. 3313.713 and the Nurse Practice Act has existed since 1988, yet appellants are the first to seek a court's review of it. Thus, we conclude that the issues presented by this case are not of overwhelming urgency or import to a large spectrum of the public.
 {¶ 19} For the foregoing reasons, we conclude that this action is moot and that no exception to the mootness doctrine applies. Thus, we dismiss this appeal.
Appeal dismissed.
BROWN and SADLER, JJ., concur.
[1] Throughout the course of this litigation, the parties have preserved Student Doe's privacy by refraining from naming him in any public documents. We will do the same.