[Cite as *State v. Beach*, 2021-Ohio-4497.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                      :

      Plaintiff-Appellee,                    :

[S.R.,                                             :

      Appellant],                             :
                                No. 20AP-589

v.                                                 :        (M.C. Case No. 2019 CRB 016416)

David Beach,                                       :        (REGULAR CALENDAR)

      Defendant-Appellee.                    :

---

D E C I S I O N

Rendered on December 21, 2021

---

**On brief**: *Zachary M. Klein,* City Attorney, *Melanie R. Tobias*, and *Orly Ahroni,* for appellee, State of Ohio.[1]

**On brief:** *Bobbie Yeager*, Ohio Crime Victim Justice Center, for appellant. **Argued**: *Bobbie Yeager*.

**On brief:** *Yeura R. Venters,* Public Defender, and *Ian J. Jones,* for appellee, David Beach. **Argued:** *Ian J. Jones*.

---

APPEAL from the Franklin County Municipal Court.

MENTEL, J.

{¶ 1} Appellant, S.R., appeals from the November 20, 2020 order denying, in relevant part, S.R.'s motion for clarification to appear during the sentencing and restitution hearing and motion for blood test. For the reasons that follow, we affirm in part and reverse in part.

---

[1] Plaintiff-appellee, State of Ohio, waived its appearance at oral argument. (Aug. 25, 2021 Notice of Waiver.)

## I.  FACTS AND PROCEDURAL HISTORY

{¶ 2}   On September 8, 2019, defendant-appellee, David Beach, was charged with one count of assault in violation of R.C. 2903.13(A), a misdemeanor of the first degree. According to S.R., Beach punched her in the face and bit her thumb during an altercation in Columbus, Ohio.  Beach was arraigned on September 9, 2019.  The trial court set bond at $5,000 cash or surety and required Beach submit to testing for communicable diseases.

{¶ 3}   On December 9, 2019, Beach pleaded no contest to assault in violation of R.C. 2903.13(A), a misdemeanor in the first degree.  The trial court found him guilty and the matter was set for sentencing on February 26, 2020.  After several continuances, the sentencing and restitution hearing was reset for December 14, 2020.

{¶ 4}   On October 8, 2019, Beach tested negative for HIV, gonorrhea, chlamydia, syphilis, and urethral trichomonas.  According to S.R., it was not until June 15, 2020 that she was informed of the results from the blood test.  On June 24, 2020, S.R. filed a motion for a new blood test arguing that she was entitled to a second round of testing pursuant to R.C. 2907.27(B).  On August 5, 2020, S.R. filed a renewed motion for blood testing restating the arguments asserted in the original motion.  The state did not expressly join in either motion.  On August 14, 2020, S.R. filed a "notice of assertion of her constitutional rights to justice, due process, and fairness" requesting that she be allowed to sit at the counsel's table during the scheduled evidentiary hearing and any future sentencing and restitution hearings.  On August 26, 2020, the trial court held an evidentiary hearing on an unrelated matter.  During the hearing, the parties discussed the outstanding motions and the trial court suggested Beach take another blood test.  Despite the trial court's request, Beach declined to voluntarily submit to the blood test.  On October 14, 2020, S.R. filed a request for ruling on S.R.'s motion for blood testing and renewed motion for blood testing.  On November 20, 2020, S.R. filed a writ of procedendo with this court regarding the outstanding motions for a blood test that was ultimately withdrawn.

{¶ 5}   On November 20, 2020, the trial court ruled on a series of outstanding motions.  Relevant to the instant appeal, the trial court denied S.R.'s motion to be present and seated at the counsel's table, finding the motion was premature as neither the state nor Beach had requested that witnesses be separated.  The trial court also denied S.R.'s motion for blood testing concluding that the state had not agreed to additional testing as required by R.C. 2907.27(B)(1)(b).  The trial court also found that S.R. had not submitted any

information to the trial court demonstrating, as a medical issue, that testing Beach now could show whether he had the diseases discussed in S.R.'s motion at the time of the assault.

{¶ 6} On December 14, 2020, the trial court held a sentencing and restitution hearing. S.R. was present and provided testimony at the hearing. Beach was sentenced to 180 days in jail, 167 suspended, with 3 days of jail-time credit. Beach was also given 2 years of community control and ordered to pay restitution in the amount of $13,714.94.

{¶ 7} On December 18, 2020, S.R. filed a notice of appeal from the trial court's November 20, 2020 order.

{¶ 8} On September 15, 2021, this court heard oral arguments on this matter. On September 28, 2021, Beach filed a notice of additional authorities as to whether S.R. raised a constitutional issue in the trial court citing *State v. Awan*, 22 Ohio St.3d 120 (1986). On September 30, 2021, S.R. filed a motion to strike the supplemental authority arguing the filing did not comply with App.R. 21. Beach declined to file a memorandum in opposition.

## II. ASSIGNMENTS OF ERROR

{¶ 9} Appellant assigns the following as trial court error:

1. The trial court erred in its November 20, 2020 Order when it prohibited Victim-Appellant from timely asserting her constitutional and statutory rights to be present at the sentencing and restitution hearings.

2. The trial court erred, violating Victim-Appellant's constitutional right to be treated with fairness and respect for her dignity and constitutional and statutory rights to proceedings free from unreasonable delay, when it delayed ruling on Victim-Appellant's motion for blood testing for an unreasonable amount of time, and ultimately denied the motion in part because too much time had passed.

3. The trial court erred when it denied Victim-Appellant's motion for blood testing due to the State's failure to join the request in violation of her constitutional right to be treated with fairness and respect for her safety and dignity throughout the criminal justice system.

## III. LEGAL ANALYSIS

### A. Standing and Jurisdiction of the Court

{¶ 10} As a threshold matter, we must examine whether S.R. has standing to appeal and the jurisdiction of the court in this case. Article I, Section 10a of the Ohio Constitution,

commonly referred to as Marsy's Law, established broad and sweeping rights for victims of crime.  As contained in Ohio's Bill of Rights, Marsy's Law ensures for victims "justice and due process throughout the criminal and juvenile justice systems."  Ohio Constitution, Article I, Section 10a(A).  Marsy's Law requires victims, among other enumerated rights, "to be treated with fairness and respect for the victim's safety, dignity and privacy." Ohio Constitution, Article I, Section 10a(A)(1).  The victim "in any proceeding involving the criminal offense * * * or in which the victim's rights are implicated, may assert the rights enumerated in this section and any other right afforded to the victim by law.  If the relief sought is denied, the victim * * * may petition the court of appeals from the applicable district." Ohio Constitution, Article I, Section 10a(B).  Based on the plain language of Article I, Section 10a(B) of the Ohio Constitution, a victim may petition the court of appeals if a right under Marsy's Law is denied or if another right to the victim by law is denied.  The question becomes whether a victim must bring an original action or direct appeal to petition the court of appeals under Article I, Section 10a(B) of the Ohio Constitution.

{¶ 11} While the word "petition" is not defined under the Ohio Constitution, Article I, Section 10a, Black's Law Dictionary defines "petition" as "[a] formal written request presented to a court or other official body."  *Black's Law Dictionary* 1329 (10th Ed.2014). The Supreme Court of Ohio has recently provided some guidance on this issue in the context of discovery orders finding that victims have a right to "petition" the court of appeals by filing an immediate appeal under R.C. 2505.02(B)(4).  *See State ex rel. Thomas v. McGinty*, 164 Ohio St.3d 167, 2020-Ohio-5452.  The *McGinty* court explained the term "petition" has been employed in cases that implicate the court of appeals' original or appellate jurisdiction, writing:

> When applied to the jurisdiction of a court of appeals, the term "petition" is also associated typically with extraordinary-writ actions invoking the court of appeals' original jurisdiction. *See* R.C. 2725.04 ("Application for the writ of habeas corpus shall be by petition * * *"); R.C. 2731.04 ("Application for the writ of mandamus must be by petition * * *"); R.C. 2733.08 (an action in quo warranto for usurpation of office is brought by "petition"); *see also State v. Hughes*, 2019-Ohio-1000, 134 N.E.3d 710, ¶ 28 (8th Dist.) (lead opinion) (expressing the view that "petition" in Section 10a(B) means that a crime victim may invoke a court of appeals' original jurisdiction, possibly in mandamus). But the term "petition" could also include the appellate jurisdiction of a court of appeals. *See, e.g., Jones v.*

> *First Natl. Bank of Bellaire*, 123 Ohio St. 642, 9 Ohio L. Abs.
> 701, 176 N.E. 567 (1931), syllabus (referring to appellate review
> in court of appeals being pursuant to "a petition in error");
> *Hughes* at ¶ 44 (Sheehan, J., concurring in judgment only)
> (opining that Section 10a(B) can reasonably be construed as
> granting a victim right to appeal).

*Id.* at ¶ 41.

{¶ 12} While *McGinty's* holding is limited to cases involving discovery orders, the Supreme Court, in interpreting the term "petition" under Marsy's Law, concluded that "the undefined term 'petition' in Section 10a(B) is broad enough to encompass an original action *or* appellate review." (Emphasis sic.) *Id.*[2] Accordingly, a victim in a criminal case could, depending on the facts of the case, reasonably construe Marsy's law as granting a victim the right to file a direct appeal.

{¶ 13} Next, we must look at whether S.R. has standing to proceed with a direct appeal or if an original action is the more suitable avenue to petition this court. It is well-established law that a victim is not a party to a criminal case. *Grubb v. Buehrer*, 10th Dist. No. 15AP-576, 2016-Ohio-4645, ¶ 20. "A party has standing when they have a ' "right to make a legal claim or seek judicial enforcement of a duty or right." ' " *In re S.G.D.F.*, 10th Dist. No. 16AP-57, 2016-Ohio-7134, ¶ 11, quoting *Ohio Pyro Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, ¶ 27, quoting *Black's Law Dictionary* 1442 (8th Ed.2004). However, *McGinty* found the victim, a non-party to the case, may file immediate appeal under R.C. 2505.02(B)(4) to challenge a trial court's discovery orders. Moreover, Ohio courts have recognized other occasions where non-parties have standing to pursue an appeal in a criminal context.[3] It is also clear that the passage of Marsy's Law

---

[2] At least one other court has hypothesized that if the situation arose where the trial court was not providing timely notice of a court proceeding to the victim as required under Marsy's Law, or if the prosecutor fails to confer with the victim, a writ of procedendo or mandamus could be an appropriate remedy for a victim to enforce those rights. *See State v. Hughes*, 8th Dist. No. 107697, 2019-Ohio-1000, ¶ 41 (concurring opinion).

[3] The concurring opinion in *Hughes* identified several instances where non-parties were allowed to pursue appeals in a criminal case. *See Id.* at ¶ 44, fn.1 (concurring opinion), citing *Cincinnati v. Neff*, 1st Dist. No. C-130411, 2014-Ohio-2026 (finding the Ohio Department of Health could appeal an adverse ruling on their motion to quash a subpoena); *State v. Jeffery*, 2d Dist. No. 24850, 2012-Ohio-3104 (finding a witness could appeal the denial of a motion to quash finding an argument that the witness should have brought her claim through a writ as unpersuasive); *In re Tracy M.*, 6th Dist. No. H-04-028, 2004-Ohio-5756, ¶ 4, quoting *N. Olmsted v. Pisani*, 8th Dist. No. 67986 (Nov. 22, 1995) (writing " 'Subpoenaed non-party witnesses have standing to file motions to quash the subpoenas' in the trial court. If that motion to quash is granted and the subpoenaing party files an appeal, it stands to reason that the subpoenaed non-party must be able to defend the judgment in its favor in the appellate court.").

marked an important and significant expansion of victim's rights. *State ex rel. S.L. v. Judge, Mun. Ct.,* 1st Dist. No. C-190248, 2020-Ohio-584, ¶ 3. Accordingly, it is reasonable to read Article I, Section 10a(B) of the Ohio Constitution in conjunction with *McGinty*, as conferring upon a victim to a criminal case standing to appeal, in certain circumstances, where no such right existed before.[4]  Here, S.R.'s legal right to "safety, dignity and privacy" was certainly implicated by the trial court's denial of her motion for a blood test. Ohio Constitution, Article I, Section 10a(A)(6).  We conclude S.R.'s motion for a blood test falls under analogous standing grounds as the victim in *McGinty* and allows her a right to appeal to protect her constitutional right under Marsy's Law.

{¶ **14**}  While we conclude that Marsy's Law allows S.R. to petition this court through a direct appeal, we also note that the facts of this case would not allow for an extraordinary writ to address the trial court's denial of a motion for blood testing.  Article IV, Section 3(B)(1) of the Ohio Constitution provides five types of original actions.[5]  Under the facts of the case, mandamus and procedendo appear the most likely avenues for a victim to bring an extraordinary writ.  A party seeking a writ of mandamus must establish: (1) a clear legal right to the relief requested, (2) the respondent has a clear legal duty to perform the requested act, and (3) relator has no plain and adequate remedy in the ordinary course of the law.  *State ex rel. Manpower of Dayton, Inc. v. Indus. Comm.*, 147 Ohio St.3d 360, 2016-Ohio-7741, ¶ 9, citing *State ex rel. General Motors Corp. v. Indus. Comm.*, 117 Ohio St.3d 480, 2008-Ohio-1593, ¶ 9.  However, a writ of mandamus will not lie to address the discretionary judgment of the trial court.  *State ex rel. AWMS Water Solutions, LLC v. Simmers*, 10th Dist. No. 19AP-582, 2020-Ohio-4798, ¶ 32, citing *State ex rel. Crabtree v. Franklin Cty. Bd. of Health*, 77 Ohio St.3d 247, 249 (1997); *see also State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118 (1987) ("Although a writ of mandamus may require an inferior tribunal to exercise its judgment or to proceed to the discharge of its function, R.C. 2731.03, it may not control judicial discretion.").  It is well-established law that mandamus does not

---

[4] The dissent in *McGinty* wrote that the lead opinion was in effect creating standing to appeal through its interpretation of Marsy's Law that did not exist before. *McGinty* at ¶ 66. Despite the dissent's concern as to a victim's standing to appeal, the lead opinion acknowledged as much interpreting Marsy's Law to allow a victim, depending on the circumstances, to bring a claim as a writ or as an appeal, despite a victim's inherent non-party status.  Given these facts, S.R.'s non-party status is not an impediment to her right to appeal in this instance.

[5] The court of appeals has original jurisdiction over the following extraordinary writs: quo warranto, mandamus, habeas corpus, prohibition, and procedendo. Ohio Constitution, Article IV, Section 3(B)(1)(a) through (e).

lie to control judicial discretion, "even if that discretion is abused." (Internal citations omitted.) *State ex rel. Martin v. Russo*, 160 Ohio St.3d 21, 2020-Ohio-829, ¶ 10; *State ex rel. Tech. Constr. Specialties, Inc. v. DeWeese*, 155 Ohio St.3d 484, 2018-Ohio-5082, ¶ 17.

{¶ 15} Similarly, to be entitled to a writ of procedendo, a relator must demonstrate "a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of the law." *State ex rel. Poulton v. Cottrill*, 147 Ohio St.3d 402, 2016-Ohio-5789, ¶ 2, citing *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462 (1995). A writ of procedendo is appropriate when a court has refused to render a judgment or created an unnecessary delay in proceeding to judgment. *State ex. rel. Williams v. Croce*, 153 Ohio St.3d 348, 2018-Ohio-2703, ¶ 6. A writ of procedendo does not, however, attempt to control the trial court as to what that judgment should be. *Id.* at ¶ 6, quoting *State ex rel. Davey v. Owen*, 133 Ohio St. 96, 106 (1937).

{¶ 16} Moreover, a writ does not remedy or correct errors and procedural wrongdoings in a case when an appeal provides an adequate remedy. *State ex rel. Utley v. Abruzzo*, 17 Ohio St.3d 203 (1985), quoting *State ex rel. Davey*. Neither mandamus nor procedendo will lie if there is an adequate remedy under the law. *State ex rel. Tran v. McGrath*, 78 Ohio St.3d 45 (1997). "Mandamus may not be employed as a substitute for appeal from an interlocutory order." *State ex rel. Heck v. Kessler*, 72 Ohio St.3d 98 (1995), citing *State ex rel. Horwitz v. Cuyahoga Cty. Court of Common Pleas, Probate Div.*, 65 Ohio St.3d 323, 328 (1992). Because we have concluded that S.R. has a right to appeal from an interlocutory order under the particular facts of this case, an extraordinary writ is not the appropriate remedy under the law.[6]

---

[6] During the drafting of this opinion, the Supreme Court of Ohio issued a decision in *State ex rel. Suwalski v. Peeler*, __Ohio St.__, 2021-Ohio-4061. In *Suwalski*, the Supreme Court affirmed the court of appeals' judgment granting a writ of prohibition invaliding a trial court's grant of a misdemeanor-domestic violence offender's application for relief from federal firearms disability. Relevant to the instant case, the *Suwalski* court found the writ of prohibition was the appropriate avenue for the victim in the case to petition the court of appeals as the trial court's order did not require some action or acquiesces on the victim's part and the order was not an exercise of broad discretion. Here, the trial court's denial of S.R.'s motion for a blood test, unlike *Suwalski*, was an exercise of discretion under R.C. 2907.27(B)(1)(b). As such, the facts in the present case are more analogous to the discovery order in *McGinty*, which required the victims to acquiesce to the trial court's discretionary order allowing court-supervised defense inspection of their residence. Accordingly, we believe our decision today harmonizes with outstanding Supreme Court precedent.

**B. S.R.'s Motion to Strike**

{¶ 17} Before undertaking a review of the merits, we must consider S.R.'s motion to strike. S.R. argues that Beach's September 28, 2021 notice of supplemental authority was filed in violation of App.R. 21. We agree.

{¶ 18} Pursuant to App.R. 21(I), if counsel wishes to present authorities not cited in its brief, "counsel shall, at least five days prior to oral argument, present in writing such authorities to the court and to opposing counsel, unless there is good cause for a later presentment." Here, Beach filed his notice of supplemental authority on September 28, 2021, nearly two weeks after oral arguments. While appellee might contend that there is good cause for the delay as the issue was discussed during oral arguments, the issue of whether S.R. preserved her argument that her constitutional rights were violated by the denial of her motion for blood testing was available at the time the original appellate brief was filed. As such, we are not persuaded that there is good cause to file supplemental authorities as this issue could have been presented in Beach's original brief or prior to oral arguments as set forth in App.R. 21(I). Accordingly, Beach failed to request leave of court to file his notice of supplemental authority or present authorities not cited in his brief consistent with App.R. 21(I). Because the notice of additional authorities was filed out of rule, S.R.'s motion to strike is granted.

**C. Appellant's First Assignment of Error**

{¶ 19} In S.R.'s first assignment of error, she argues the trial court erred in prohibiting her from timely asserting her constitutional and statutory rights to be present at the sentencing and restitution hearings.

{¶ 20} Preliminarily, we must first consider whether S.R.'s first assignment of error is moot.

{¶ 21} It is well-established law that this court will not resolve issues that are deemed moot. *Croce v. Ohio State Univ.*, 10th Dist. No. 20AP-14, 2021-Ohio-2242, ¶ 16. " 'The doctrine of mootness is rooted in the "case" or "controversy" language of Section 2, Article III of the United States Constitution and in the general notion of judicial restraint.' " *Bradley v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 10AP-567, 2011-Ohio-1388, ¶ 11, quoting *James A. Keller, Inc. v. Flaherty*, 74 Ohio App.3d 788, 791 (10th Dist.1991). Ohio courts have long recognized that it loses jurisdiction over a moot question. *Soltesz v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 19AP-444, 2020-Ohio-365, ¶ 12. It is not

the role of the court to resolve purely academic or abstract questions. *Doran v. Heartland Bank*, 10th Dist. No. 16AP-586, 2018-Ohio-1811, ¶ 13, citing *Keller, Inc.* at 791. A case is deemed moot if "they are or have become fictitious, colorable, hypothetical, academic or dead. The distinguishing characteristic of such issues is that they involve no actual genuine, live controversy, the decision of which can definitely affect existing legal relations." (Internal quotations and citations omitted.) *Doran* at ¶ 12. When an appeal is deemed moot, the case must be dismissed because it no longer presents a justiciable controversy. *Grove City v. Clark*, 10th Dist. No. 01AP-1369, 2002-Ohio-4549, ¶ 11.

{¶ 22} In the case sub judice, S.R. sought to be present and seated at the table with the prosecutor for the sentencing and restitution hearing. In the November 20, 2020 order, the trial court made no determination that S.R. was not entitled to be present at the hearing, only that the motion was premature. At the December 14, 2020 hearing, there was no motion to separate the witnesses and S.R. was able to be present throughout the proceeding. As S.R. was present and participated in the sentencing and restitution hearing, there is no longer an actual genuine, live controversy. Accordingly, S.R.'s first assignment of error is moot.

{¶ 23} S.R. argues that even if the issue is deemed moot, this court should consider her first assignment of error as both exceptions to the mootness doctrine are applicable. We disagree.

{¶ 24} The Supreme Court has recognized two exceptions to the mootness doctrine. *In re L.W.*, 10th Dist. No. 05AP-317, 2006-Ohio-644, ¶ 12. First, a reviewing court may consider a case that is moot if the issue is capable of repetition yet evading review. *State ex rel. Calvary v. Upper Arlington*, 89 Ohio St.3d 229, 231 (2000). The exception applies if: "(1) the challenged action is too short in its duration to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Id.*, citing *Spencer v. Kemna*, 523 U.S. 1, 17-18 (1998). This exception applies only in exceptional circumstances when both factors are met. *Calvary* at 231. To meet the "capable of repetition, yet evading review" exception "there must be more than a theoretical possibility that the action will arise again. There must also exist a ' "reasonable expectation" or a "demonstrated probability" that the same controversy will recur involving the same complaining party.' " *Keller* at 792, quoting *Murphy v. Hunt*, 455 U.S. 478, 482 (1982), citing *Weinstein v. Bradford*, 423 U.S. 147

(1975). *See In re Appeal of Suspension of Huffer from Circleville High School,* 47 Ohio St.3d 12, 14 (1989) (finding the first exception to the mootness doctrine applied since a student that challenged the school board's rules will often graduate prior to the case making its way through the court system).

{¶ 25} Here, the record does not suggest that the challenged action is too short in its duration to be fully litigated before its expiration. Moreover, given the unique facts of the case, this court is also not convinced that there is more than a theoretical possibility the action will arise again. *Keller* at 792.

{¶ 26} The second exception to the mootness doctrine applies if the matter is of "public or great general interest." *State ex rel. Lancaster School Dist. Support Assn. v. Lancaster City School Dist. Bd. of Edn.*, 10th Dist. No. 06AP-305, 2006-Ohio-5520, ¶ 17. "Generally, the invocation of this exception remains the province of the highest court in the state, rather than the intermediate appellate courts, whose decisions do not have binding effect over the entire state." *Rithy Props., Inc. v. Cheeseman*, 10th Dist. No. 15AP-641, 2016-Ohio-1602, ¶ 24, citing *Althof v. Ohio State Bd. of Psychology*, 10th Dist. No. 05AP-1169, 2007-Ohio-1010, ¶ 83. This exception is only used under rare occasions. *Rithy Props.* at ¶ 24, citing *In re L.W.,* 10th Dist. No. 05AP-317, 2006-Ohio-644, ¶ 13.

{¶ 27} While we do not minimize the seriousness of victim's rights involving a sentencing and restitution proceeding, we are also not persuaded that this matter is of such public importance that we should disregard our lack of jurisdiction in this instance. Furthermore, the Supreme Court generally controls the application of this exception rather than an intermediate appellate court such as this one. *Rithy Props.* at ¶ 24, citing *Althof* at ¶ 83. Therefore, we conclude this matter falls short of the high threshold necessary to fit within the second exception to the mootness doctrine.

{¶ 28} Even if this case met one of the above exceptions to the mootness doctrine, S.R. was able to be present and sit at the prosecutor's table during the restitution and sentencing hearing. Because S.R. suffered no prejudice by the trial court initially finding the motion was prematurely filed, any error by the trial court on this issue was harmless. *State v. Benman*, 10th Dist. No. 03AP-1012, 2004-Ohio-3935, ¶ 15.

{¶ 29} Accordingly, since this first assignment of error is moot, we must dismiss it for lack of jurisdiction.

### D. S.R.'s Second and Third Assignments of Error

{¶ 30} In S.R.'s second assignment of error, she argues the trial court erred in delaying, and ultimately denying, her motion for blood testing because too much time had passed. In S.R.'s third assignment of error, she argues the trial court erred by denying her motion for blood testing due to the state failing to join the request under R.C. 2907.27 and in violation of her constitutional right to be treated with fairness and respect for her safety and dignity throughout the criminal justice system. For harmony of analysis, we will address both assignments of error together.

### 1. Timeliness of Ruling on Motions for Blood Test

{¶ 31} Appellant argues that the trial court erred in failing to resolve the motion for blood testing in a timely manner. Appellant contends that the trial court cited this delay as a reason for denying the motion.

{¶ 32} Ohio Sup.R. 40(A)(3) instructs the trial court to rule on pending motions within 120 days from the date the motion was filed. It is well-established law that Sup.R. 40(A) is advisory and not a mandatory deadline. *State ex rel. Aliane v. Sheward*, 10th Dist. No. 02AP-949, 2003-Ohio-6554, ¶ 5. While the Rules of Superintendence do not provide the moving party a right to enforce Sup.R. 40, "procedendo and mandamus will lie when a trial court has refused to render, or unduly delayed rendering, a judgment." (Internal citations omitted.) *State ex rel. Brown v. Luebbers*, 137 Ohio St.3d 542, 2013-Ohio-5062, ¶ 14. However, exceeding the 120-day period is not dispositive as "[o]ther factors may dictate that a trial court take more time to rule on a motion. For example, a judge may require longer than 120 days to rule on a motion for summary judgment in a complex case. Other factors that might delay a ruling are the need for further discovery, the possibility of settlement, and other motions pending in the case." *State ex rel. Culgan v. Collier*, 135 Ohio St.3d 436, 2013-Ohio-1762, ¶ 12.

{¶ 33} In the present case, Beach was required to be tested for communicable diseases as a condition of bond. According to S.R., there was some delay in providing the results of the initial test. S.R. filed her motion for a second round of blood testing on June 24, 2020, and a renewed motion for blood testing on August 5, 2020. On October 14, 2020, S.R. filed a request for ruling on her motion for blood testing and renewed motion for blood testing. On November 20, 2020, S.R. filed a writ of procedendo with this court for the trial court to rule on the outstanding motions for blood testing that was later

withdrawn.  The trial court ultimately denied the motions in its November 20, 2020 order. As a motion in procedendo or mandamus were the available avenues to address any potential untimeliness by the trial court, a direct appeal is not the appropriate remedy for an appellate court to review whether the trial court erred by delaying its ruling on the motion.

### 2. R.C. 2907.27

{¶ 34} Appellant argues that the trial court erred in denying her motion for blood testing in violation of R.C. 2907.27 as the statute requires Beach be tested for specific communicable diseases.

{¶ 35} S.R. identifies several provisions of R.C. 2907.27 to support her contention that the trial court erred in failing to order Beach submit to a blood test, none of which are persuasive in this case.  Pursuant to R.C. 2907.27(A)(1), "upon the request of the prosecutor in the case or upon the request of the victim" the arresting authorities or the court shall cause the defendant to submit to warrantless testing "to determine if the accused is suffering from a venereal disease."  R.C. 2907.27(A)(1), however, only applies if the defendant is "charged with a violation of section 2907.02, 2907.03, 2907.04, 2907.24, 2907.241, or 2907.25 of the Revised Code or with a violation of a municipal ordinance that is substantially equivalent to any of those sections, the arresting authorities or a court."  Here, Beach was not charged with a violation under any of the above statutes, but assault in violation of R.C. 2903.13(A).  Accordingly, R.C. 2907.27(A)(1) does not apply to the instant case.

{¶ 36} Similarly, S.R. cites R.C. 2907.27(B)(1)(c) for the proposition that, after Beach pleaded guilty to assault, the trial court was required to conduct another blood test to determine if he suffers from a venereal disease.  S.R.'s argument is without merit as the mandatory language for testing of venereal diseases under R.C. 2907.27(B)(1)(c) is limited to results of a test conducted under (B)(1)(a), namely violations of "section 2903.11 or of section 2907.02, 2907.03, 2907.04, 2907.05, 2907.12, 2907.24, 2907.241, or 2907.25 of the Revised Code, with a violation of a municipal ordinance that is substantially equivalent to that division or any of those sections, or with a violation of a statute or municipal ordinance in which by force or threat of force the accused compelled the victim to engage in sexual activity."  As set forth previously, Beach was not convicted of violating an offense under the above statutes but assault in violation of R.C. 2903.13(A).  Because an assault

conviction under R.C. 2903.13(A) was not enumerated in the statute, the mandatory testing requirement upon Beach's conviction under R.C. 2907.27(B)(1)(c) is inapplicable.

{¶ 37} S.R. next argues the trial court erred in denying her motion under R.C. 2907.27(B)(1)(b). The statute states the trial court:

> [U]pon the request of the prosecutor in the case, upon the request of the victim with the agreement of the prosecutor, or upon the request of any other person with the agreement of the prosecutor, may cause an accused * * * to submit to one or more tests so designed by the director of health if the circumstances of the violation indicate probable cause to believe that the accused, if the accused is infected with HIV, might have transmitted HIV to any of the following persons in committing the violation.

{¶ 38} As R.C. 2907.27(B)(1)(b) gives the trial court discretionary authority to grant a victim's motion for blood testing, we review the ruling under an abuse of discretion analysis. The standard for abuse of discretion is set forth in the first assignment of error.

{¶ 39} After a careful review of the record, we find the trial court's denial of the blood test under R.C. 2907.27(B)(1)(b) was not an abuse of discretion. First, the record is clear that the prosecutor did not expressly agree to the victim's request under R.C. 2907.27(B)(1)(b). As such, S.R. has failed to meet a threshold issue for the trial court to consider the motion. Regardless, even if the state had agreed to join the motion, the trial court did not abuse its discretion finding that S.R. had failed to meet its burden under the statute. As set forth previously, the trial court can only order a blood test under R.C. 2907.27(B)(1)(b) if there is probable cause to believe the accused, "if infected with HIV, might have transmitted HIV to any of the persons in committing the violation." The plain reading of the statute appears to limit the administration of the test to instances of testing solely for HIV or, at the very least, to testing for other diseases upon a showing of probable cause that HIV might have been transmitted. Here, S.R. has presented no evidence to demonstrate that Beach was infected with HIV or, for that matter, other venereal diseases. Furthermore, to the extent that the trial court cited the passage of time as a justification for denying the motion under the statute, we also find that this was not an unreasonable conclusion as the protracted nature of the litigation provided S.R. additional time to gather evidence to bolster her argument. Given the lack of evidence provided by S.R. in her filings to show the accused was infected with venereal diseases, the trial court's ruling was not

unreasonable. *Berk v. Matthews*, 53 Ohio St.3d 161, 169 (1990) (finding that when applying the abuse of discretion standard, an appellate court is not free to substitute its judgment for that of the trial court).

{¶ 40} S.R. cites *State v. Wallace*, 2d Dist. No. 20030, 2005-Ohio-1913, for the proposition that R.C. 2907.27 is more expansive. In *Wallace,* the Second District Court of Appeals considered the constitutionality of R.C. 2907.27. The *Wallace* court found that the warrantless testing of persons charged with prostitution did not violate the defendant's protections against unreasonable searches under the Fourth Amendment to the United States Constitution and Ohio Constitution, Article I, Section 14 as the state has a reasonable interest in protecting people from the transmission of venereal diseases. While *Wallace* found the state has a general interest in protecting people from the transmission of venereal diseases, R.C. 2907.27(B)(1)(b) does not address every potential transmissible disease but is tailored to cases where there is "probable cause to believe that the accused, if the accused is infected with HIV, might have transmitted HIV to any of the following persons in committing the violation."

{¶ 41} Based on the foregoing, we find the trial court's denial of S.R.'s motion under R.C. 2907.27 was not an abuse of discretion.

### 3. Marsy's Law

{¶ 42} S.R. also argues the trial court's denial of her motion for blood test violated S.R.'s right "to be treated with fairness and respect for the victim's safety, dignity and privacy." Ohio Constitution, Article I, Section 10a(A)(1).

{¶ 43} During oral arguments, this court broached the issue of whether this argument was preserved for appeal. After careful review of the record, we find that while S.R. failed to initially cite Marsy's Law in her first motion for a blood test, prior to the trial court's ruling on the matter, S.R. supplemented her original argument asking the trial court to consider the motion under Marsy's Law in its October 14, 2020 filing for ruling on the prior motions for blood test. S.R. wrote "[m]eanwhile, S.R., the crime victim in this matter, continues to be deprived of her constitutional rights to safety and dignity—rights requiring a medical assurance that Defendant did not expose her to communicable diseases when he assaulted her." (Oct. 14, 2020 Victim S.R.'s Request for Ruling on Victim S.R.'s Mot. for Blood Testing and Victim S.R.'s Renewed Mot. for Blood Testing at 3.) The trial court appears to have reached the same conclusion as it addressed all of S.R.'s motions for blood

testing as a single issue in its November 20, 2020 order. Given these facts, we find that the issue of whether S.R. was entitled to blood testing under Ohio Constitution, Article I, Section 10a was preserved on appeal.

{¶ 44} In its November 20, 2020 order, the trial court denied S.R.'s motion for blood testing based on its statutory interpretation of R.C. 2907.27. While we find that such an interpretation did not constitute an abuse of discretion, the trial court failed to address whether S.R. was entitled to blood testing under Marsy's Law. As the trial court has not considered this issue, we decline to do so in the first instance. "A reviewing court, even though it must conduct its own examination of the record, has a different focus than the trial court. If the trial court does not consider all the evidence before it, an appellate court does not sit as a reviewing court, but, in effect, becomes a trial court." *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 360 (1992). Because the trial court did not address whether S.R. was entitled to blood testing under Marsy's Law, we remand this matter to the trial court for further review. Appellant's second and third assignments of error are overruled in part and sustained in part.

## IV. CONCLUSION

{¶ 45} For the foregoing reasons, S.R.'s motion to strike is granted; S.R.'s first assignment of error is dismissed as moot; S.R.'s second and third assignments of error are overruled in part and sustained in part. This matter is remanded to the Franklin County Municipal Court for further proceedings consistent with law and this decision.

*Motion to strike granted; judgment affirmed in part and reversed in part; cause remanded.*

DORRIAN, P.J. and KLATT, J., concur.

_____